**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No.: 2:22-MC-51143

v                                      Hon. Nancy G. Edmunds

KWAME M. KILPATRICK,

        Defendant,

and

MICHIGAN DEPARTMENT
OF TREASURY,

        Garnishee.

_____/

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO GARNISHMENT

COMES NOW, the United States of America, Plaintiff, pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act ("FDCPA"), in opposition of Defendant-Judgment Debtor, Kwame M. Kilpatrick's Objection to Garnishment, and in support of the Order of Continuing Garnishment against the substantial nonexempt property states:

1. On August 31, 2017, an Amended Judgment was entered against Kwame M. Kilpatrick in Criminal Case No.: 10CR20403 01 in the amount of $1,718,457.11 (Case No.: 10CR20403 01, ECF No. 611), and the outstanding balance as of April 12, 2024, is:

|  |  |
|---|---|
| $1,718,457.11 | Judgment Amount[1] |
| ( $891,282.55) | Credits applied to Judgment[2] |
| $824,774.56 | Debt balance |

2. The above amounts are based on communications with the Clerk of the Court ("Clerk"). The United States was recently notified by the Clerk that Mr. Kilpatrick's record is being updated. The United States requests leave to file a supplemental exhibit reflecting Mr. Kilpatrick's balance and payment history.

3. To enforce the court's restitution judgment, the United States sought, obtained, and served a Writ of Garnishment on the Michigan Department of Treasury (the "Michigan Treasury"). ECF No. 14, 16, and 17.

4. Simultaneously, on March 13, 2024, the United States served Mr. Kilpatrick at his last known address in compliance with 28 U.S.C. § 3205(c)(3) and Fed. R. Civ. P. 4. ECF No. 17. *See also* 28 U.S.C. § 3202(c) and 18 U.S.C. §§ 3612(b)(1)(F), 3572(d)(3), and 3664(k). A copy of the Writ with instructions for objecting to the Garnishee's Answer, objecting to the Writ, and for obtaining a hearing on those objections were mailed to Mr.

---

[1] The amended judgment imposed a $2,400.00 mandatory special assessment under 18 U.S.C. § 3013 plus $1,716,057.11 in restitution under 18 U.S.C. § 3664. Case No.: 10CR20403 01, ECF No. 611. Interest is not accruing on the debt. *Id.*

[2] Pursuant to 18 U.S.C. § 3612, payments are applied first to special assessments, then to restitution to all victims. Defendant has also been given credit for payments received from jointly and severally liable co-defendants in accordance with 18 U.S.C. § 3664(h) if applicable.

Kilpatrick's last known address. A Certificate of Service was filed attesting to the service. *See* ECF No. 17.

5. On March 26, 2024, pursuant to the Writ, the Michigan Treasury filed an Answer stating it has in its possession, custody, or control, cash in the amount of $6,704.07 in which Mr. Kilpatrick has an interest. ECF No. 19.

6. On March 26, 2024, Mr. Kilpatrick filed a response "pursuant to 18 U.S.C. § 3664(h)" and alleged 1) no or improper service; 2) he does not owe the debt; and 3) requested a hearing. ECF No. 18.

7. As previously outlined, the United States avers Mr. Kilpatrick was properly served at his last known address in compliance with Fed. R. Civ. P. 4 as evidenced by the filed Certificate of Service. ECF No. 17. The address identified in the Government's Certificate was provided by his former probation officer and is the same address cited by Mr. Kilpatrick in his Objection.

8. The Clerk of the Court is the official record keeper of the collection of unpaid restitution. *See* 18 U.S.C. § 3612. Mr. Kilpatrick's balance has been verified and remains substantial. Joint and several debts are managed by the Clerk, and defendants receive credit for co-defendant payments on a pro-rata basis, not dollar for dollar. Mr. Kilpatrick has received substantial credit for his co-defendants' payments and the application of his co-defendants' seized assets

to his restitution balance, as Mr. Kilpatrick has only individually paid $9,099.81 towards his debt (including payment of his special assessment).

9. The United States is entitled to garnish Mr. Kilpatrick's unclaimed cash held with the Michigan Treasury, as Mr. Kilpatrick's substantial non-exempt property is subject to his criminal restitution judgment. *See* 18 U.S.C. § 3613.

10. Further, Mr. Kilpatrick's request for a hearing should be denied on the basis that he has failed to identify any exemption, or offer any support for an exemption, for the garnished property that would justify a hearing on the matter.

WHEREFORE, all conditions necessary for a Final Order of Continuing Garnishment against the substantial nonexempt property of Kwame M. Kilpatrick having been met, the Court should deny the Defendant-Judgment Debtor, Kwame M. Kilpatrick's Objection to Garnishment and enter a Final Order of Continuing Garnishment. A proposed order will be submitted separately via ECF Utilities.

Respectfully submitted,

DAWN N. ISON
United States Attorney

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Date: April 12, 2024                         Bar No.: (TX 24090291)

## CERTIFICATE OF SERVICE

I, Jessica A. Nathan, Assistant United States Attorney for the Eastern District of Michigan, do hereby certify that the foregoing *United States' Response in Opposition to Defendant's Objection to Garnishment* was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically notice counsel of record.

I further certify that I have mailed the foregoing document, by United States Postal Service, to the following non-CM/ECF participants, utilizing the last known address available to the United States Attorney's Office for the Eastern District of Michigan.

Kwame M. Kilpatrick
XXXX
Griffin, GA XXXXX
*Defendant-Judgment Debtor*

Michigan Dept. of Treasury,
Unclaimed Property
ATTN: Terry Stanton
PO Box 30756
Lansing, MI 48909
*Garnishee*

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Date: April 12, 2024
Bar No.: (TX 24090291)

6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,               Case No.: 2:22-MC-51143

v                              Hon. Nancy G. Edmunds

KWAME M. KILPATRICK,

        Defendant,

and

MICHIGAN DEPARTMENT
OF TREASURY,

        Garnishee.

_____/

**BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO**
**DEFENDANT'S OBJECTION TO GARNISHMENT**

The United States of America files this Brief in support of its Response in

Opposition to Defendant's Objection to Garnishment following the Answer to Writ

of Garnishment by the Michigan Department of Treasury ("Michigan Treasury").

The Court should deny the Defendant-Judgment Debtor, Kwame M. Kilpatrick's

objection and request for a hearing (ECF No. 18), and enforce collection, pursuant

to 18 U.S.C. § 3613, which made the criminal restitution a lien that attached to his

nonexempt property.

**BACKGROUND**

On August 31, 2017, the United States District Court for the Eastern District of

Michigan sentenced Kwame M. Kilpatrick ("Mr. Kilpatrick") to 28 years imprisonment and three years of supervised release after being found guilty of:

- One Count – Racketeering Conspiracy, in violation of 18 U.S.C. §§ 1962(d) and 1963(a);
- Five Counts – Interference with Commerce by Extortion, in violation of 18 U.S.C. §§ 1951 and 1951(b)(2);
- One Count – Bribery Concerning Programs Receiving Federal Funds, in violation of 18 U.S.C. §§ 666(a) and 666(a)(B)(2);
- Nine Counts – Mail Fraud, in violation of 18 U.S.C. § 1341;
- Two Counts – Wire Fraud, in violation of 18 U.S.C. § 1343;
- Five Counts – Subscribing False Tax Return, in violation of 26 U.S.C. § 7206(1); and
- One Count – Income Tax Evasion, in violation of 26 U.S.C. § 7201(1).

Case No.: 10CR20403 01, ECF No. 516. The Court also ordered Mr. Kilpatrick to pay $4,782,226.61. *Id*. Interest was waived.

On August 14, 2015, the Sixth Circuit affirmed Mr. Kilpatrick's convictions but vacated and remanded his restitution order. *Id*., ECF No. 570. On August 3, 2017, this Court vacated Mr. Kilpatrick's original restitution order and after extensive briefing by both sides and oral arguments, on September 25, 2017, this Court entered an Amended Judgment for restitution in the amount of **$1,716,057.11** ($1,520,653.50 to the Detroit Water and Sewage Department and $195,403.61 to the Internal Revenue Service). *Id*., ECF No. 617. All other aspects of Mr. Kilpatrick's judgment remained the same. *Id*., ECF No. 617.

On January 13, 2021, Mr. Kilpatrick received an Executive Grant of

2

Clemency (the "Grant") from then President Donald J. Trump. *Id.*, ECF No. 673. The Grant cited Mr. Kilpatrick's convictions and the subsequent consequences, i.e., imprisonment, supervised release, restitution, and the special assessment. *Id.* Specifically, the Grant commuted Mr. Kilpatrick's prison sentence to "time served." *Id.* and left "intact" Mr. Kilpatrick's remaining unpaid restitution obligation, the special assessment, the period of supervised release with all its conditions, and all other components of the sentence. *Id.* (The Grant cites Mr. Kilpatrick's restitution obligation as $4,779,826.61 in error. At the time, Mr. Kilpatrick's restitution judgment had been amended to $1,716,057.11. *See* ECF No. 617.)

From March 11, 2013, to January 20, 2021, Mr. Kilpatrick was incarcerated and paid approximately $1,395.50 towards his restitution. *See* **Exhibit A** – Individual Payment History. From January 20, 2021, to January 19, 2024, Mr. Kilpatrick lived in the Northern District of Georgia area during his period of supervised release and paid approximately $4,950.00 towards his restitution. *Id.* Mr. Kilpatrick's supervised release terminated in the Northern District of Georgia on January 19, 2024. Mr. Kilpatrick's address was shared by his probation officer with the United States Attorney's Office. Since release from incarceration and the termination of supervised release, Mr. Kilpatrick has made minimal monthly payments of $150.00 towards the substantial restitution debt. *Id.*

Given the outstanding restitution, the Government has taken action to enforce

3

the debt. On February 23, 2024, the Government filed an application to issue a writ of garnishment against Mr. Kilpatrick's unclaimed property as payment for his restitution obligation. ECF No. 14. The Government served the following documents to Mr. Kilpatrick and the State of Michigan: (1) Application for Writ of Continuing Garnishment (hereinafter "Application"); (2) Writ of Continuing Garnishment (hereinafter "Writ"); (3) Clerk's Notice of Garnishment and Instructions (hereinafter "Clerk's Notice"); and (4) Hearing and Exemption Claim Forms (hereinafter "Claim Forms"). ECF No. 17. Pursuant to 28 U.S.C. § 3205(c)(3), the United States filed a Certificate of Service attesting to service of Mr. Kilpatrick and the State of Michigan. *Id*.

On March 25, 2024, Mr. Kilpatrick's objection to the garnishment and request for a hearing was filed. ECF No. 18. In his request, Mr. Kilpatrick alleges, without specificity, that the Government did not comply with a statutory requirement for the issuance of the Writ and requests a hearing. *Id*. In addition, Mr. Kilpatrick claims the restitution has been paid in full and that he is being forced to pay a debt he does not owe. *Id*. Importantly, Mr. Kilpatrick did not seek any exemptions from the garnishment.

As set forth below, this Court should deny Mr. Kilpatrick's request for a hearing and enter a Final Order of Continuing Garnishment of the unclaimed property held by the State of Michigan, and said funds be made payable to the Clerk

4

of the District Court and applied to Mr. Kilpatrick's restitution balance.

### AUTHORITIES and ARGUMENT

**A. This Court should deny Mr. Kilpatrick's request for a hearing because the Government complied with all the statutory requirements of 28 U.S.C. §§ 3202(b) and 3205(c)(3).**

A debtor may request a hearing regarding a garnishment, but the issues at the hearing are limited to the validity of a claim of exemption and the government's compliance with statutory requirements. 28 U.S.C. § 3202(d). "Although [§ 3202(d)] states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where ... the objection is plainly without merit, or where the objection was simply a matter of statutory exemption." *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008); *see also United States v. Marchand*, No. 2:15-MC-3719, 2017 WL 2857722, at *2 (M.D. Ala. May 4, 2017) ("[D]efendant is not entitled to a hearing where he fails to show that the government did not comply with a statutory requirement or fails to present a colorable claimed exemption") (internal citations omitted); *United States v. Beebe*, 2018 WL 571763, *2 (W.D. Wash. January 26, 2018) (denying the debtor's request for a hearing because the debtor "failed to identify any deficiency in the Government's compliance with the statutory requirements").

Here, the Government complied with the statutory requirements in its service of the Writ on Mr. Kilpatrick.

5

**1.  Government Compliance with 28 U.S.C. §§ 3202(b) and 3205(c)(3).**

The FDCPA requires the Government to provide notice to the Judgment Debtor. The requirements for the substance and service of the notice are listed at section 3202(b) and (c). In sum, the notice, prepared by the Government and issued by the Clerk of Court, must inform Judgment Debtor of: (1) the exemptions under the law which may protect Judgment Debtor's property; (2) his right to ask the court to return the property based on an exemption; and (3) the requirements for requesting a hearing after receiving notice of the garnishment. *See* 28 U.S.C. § 3202(b). The Government must serve a copy of the Clerk's Notice and Application on the Judgment Debtor and each person whom the Government, after diligent inquiry, has reasonable cause to believe has an interest in the property. *See* 28 U.S.C. § 3203(c).

Section 3205(c)(3) includes the requirements for service of the Writ. The Government must serve the Judgment Debtor with a copy of the Writ and certify that service was made. *See id*. The Writ must also be accompanied with instructions to the Judgment Debtor for objecting to the Garnishee's answer and for obtaining a hearing on those objections. 28 U.S.C. § 3205(c)(3)(B).

Here, the Government complied with all the statutory requirements for notice and service. The Government provided the required notices and instructions to Mr. Kilpatrick. The Clerk's Notice informed Mr. Kilpatrick of the exemptions that apply

6

to the enforcement of judgments under 18 U.S.C. § 3613 and of his right to ask the Court to return property if he thinks it qualifies under one of the exemptions. ECF No. 16, PageID. 92-93. The Clerk's Notice also informed Mr. Kilpatrick of what he must do to request a hearing under § 3202 and the limited issues that may be addressed at a hearing. *Id*. at PageID. 94. The Clerk's Notice also included a form to request a hearing and/or claim exemptions, which was not utilized by Mr. Kilpatrick. Further, the Clerk's Notice included a request form to object to the Garnishee's Answer and request a hearing on those objections.

The Government served the Application, Writ, Clerk's Notice, and Claim Forms on Mr. Kilpatrick. ECF No. 17. The Government also certified it served the garnishment documents on Mr. Kilpatrick. *Id*. Despite Mr. Kilpatrick's allegation he was not served with the garnishment documents, Mr. Kilpatrick has clearly obtained the garnishment documents given his request for a hearing. Further, Mr. Kilpatrick has not suffered any prejudice because his objection to the garnishment is not out of time. *See* 28 U.S.C. §§ 3202(d) and 3205(c)(5) (Mr. Kilpatrick's objections and claims for exemptions could have been filed as late as April 15, 2024, 20 days after the Answer of the Garnishee was received).

Given that the Government properly noticed and served Mr. Kilpatrick, and that Mr. Kilpatrick has only made a general allegation of noncompliance with the statutory requirements for service of the Writ, the Court should find that the

Government complied with the service and notice requirements under sections 3202(b) and 3205(c)(3).

**B. The Court should deny Mr. Kilpatrick's Motion because he has not asserted a valid basis to quash the garnishment.**

A hearing under Section 3202(d) is limited to determining the validity of a claimed exemption and the government's compliance with the FDCPA's statutory requirements. *See* 28 U.S.C. § 3202(d). It is "not an opportunity for [Defendant] to challenge the validity of the underlying conviction or restitution obligation." *See United States v. Pugh*, 75 Fed.Appx. 546, 547 (8th Cir. 2003). *See also United States v. Whitt*, No. 11-50395, 2011 WL 4062459, at *1 (E.D. Mich. Sept. 13, 2011) ("An attack on a restitution recalculation or obligation by means of an objection to garnishment is an impermissible route to collaterally attack the judgment. . . . An objection to garnishment may only challenge 'exemptions to which [the defendant] might be entitled, and the government's compliance with the [Fair Debt Collection Practice Act.]'" (citing *Pugh* at 547)).

Mr. Kilpatrick's objections to the garnishment are 1) that the debt has been paid in full; 2) that there is no lawful basis for garnishment; 3) that he should be able to negotiate a payment plan.

Mr. Kilpatrick's objections fail to state a cognizable ground for relief. Where the underlying judgment was not by default, a judgment debtor can obtain relief from

8

garnishment on only two bases: a valid exemption or the government's failure to comply with the statutory requirements for the garnishment process. 28 U.S.C. § 3202(d). The judgment debtor has the burden of proving that a basis for relief exists. 28 U.S.C. § 3205(c)(5); *United States v Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996).

As previously addressed, the Government complied with the statutory requirements of 28 U.S.C. §§ 3202 and 3205. Mr. Kilpatrick has received significant credit for his co-defendants' payments, while repaying little of the tremendous loss he caused. *See* **Exhibit A**. As of April 12, 2024, the Government is aware there is still a balance of $824,774.56 owed. Mr. Kilpatrick's objections do not provide a valid basis to set aside the Writ as identified in 28 U.S.C. § 3202(d), and he has not claimed the property qualifies for any exemptions. Further, any claimed exemption is immaterial because cash is a non-exempt asset. *See* 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334(a). Accordingly, Mr. Kilpatrick's objections to the Writ are simply without merit.

## CONCLUSION

For the reasons explained above, the United States respectfully requests that the Court deny the relief requested by the Defendant. Under the facts and circumstances of this case, a Final Order of Continuing Garnishment should be entered, and the Garnishee ordered to make payable to the Clerk of the Court the property at issue for application and distribution per the judgment in case number

9

10CR20403 01.


Respectfully submitted,

DAWN N. ISON
United States Attorney


/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Date: April 12, 2024                         Bar No.: (TX 24090291)

10

# Exhibit A

| Collection Office | **USAO** | Collection District | **MIE** | Last Name | **Kilpatrick** | First Name | **Kwame** | CDCS Number | **2014A18814** | Court Number | **10CR20403 01** |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Sequence Finance | Finance Code | Received Date | Payment Form | Received By USAO | Received From | Deposit Number | Check Number | BOP Deposit Number | Posting Date | Payment Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| 000003 | PMNT | 10/16/2013 | CL | A | KWAME KILPATRICK | | DET060638 | | 01/02/2014 | $2,400.00 |
| 000006 | PMNT | 04/27/2014 | CB | A | KWAME KILPATRICK | | BOP | | 04/28/2014 | $25.00 |
| 000009 | PMNT | 07/13/2014 | CB | A | KWAME KILPATRICK | | BOP | | 07/16/2014 | $25.00 |
| 000012 | PMNT | 12/07/2014 | CB | A | KWAME KILPATRICK | | BOP | | 12/23/2014 | $180.00 |
| 000020 | PMNT | 01/11/2015 | CB | A | KWAME KILPATRICK | | BOP | | 01/26/2015 | $180.00 |
| 000041 | PMNT | 02/08/2015 | CB | A | KWAME KILPATRICK | | BOP | | 02/13/2015 | $180.00 |
| 000044 | PMNT | 03/08/2015 | CB | A | KWAME KILPATRICK | | BOP | | 03/16/2015 | $180.00 |
| 000047 | PMNT | 04/12/2015 | CB | A | KWAME KILPATRICK | | BOP | | 04/29/2015 | $69.96 |
| 000053 | PMNT | 05/17/2015 | CB | A | KWAME KILPATRICK | | BOP | | 05/21/2015 | $180.00 |
| 000056 | PMNT | 06/07/2015 | CB | A | KWAME KILPATRICK | | BOP | | 06/09/2015 | $63.72 |
| 000059 | PMNT | 07/05/2015 | CB | A | KWAME KILPATRICK | | BOP | | 07/16/2015 | $56.56 |
| 000065 | PMNT | 08/02/2015 | CB | A | KWAME KILPATRICK | | BOP | | 08/31/2015 | $75.26 |
| 000068 | PMNT | 08/06/2015 | CB | A | KWAME KILPATRICK | | BOP | | 09/09/2015 | $180.00 |
| 000125 | PMNT | 05/24/2021 | CL | A | KWAME KILPATRICK | | 632 | | 05/25/2021 | $150.00 |
| 000127 | PMNT | 06/21/2021 | CL | A | KWAME KILPATRICK | | 062 | | 06/23/2021 | $150.00 |
| 000131 | PMNT | 07/19/2021 | CL | A | KWAME KILPATRICK | | 418 | | 07/20/2021 | $150.00 |
| 000135 | PMNT | 08/23/2021 | CL | A | KWAME KILPATRICK | | 940 | | 08/25/2021 | $150.00 |
| 000139 | PMNT | 09/17/2021 | CL | A | KWAME KILPATRICK | | 335 | | 09/21/2021 | $150.00 |
| 000141 | PMNT | 10/14/2021 | CL | A | KWAME KILPATRICK | | 761 | | 10/16/2021 | $150.00 |
| 000147 | PMNT | 11/08/2021 | CL | A | KWAME | | 092 | | 11/10/2021 | $150.00 |

| Sequence Finance | Finance Code | Received Date | Payment Form | Received By USAO | Received From | Deposit Number | Check Number | BOP Deposit Number | Posting Date | Payment Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | KILPATRICK | | | | | |
| 000151 | PMNT | 12/21/2021 | CL | A | KWAME KILPATRICK | | R0204030014 | | 12/23/2021 | $150.00 |
| 000155 | PMNT | 01/23/2022 | CL | A | KWAME KILPATRICK | | R0204030012 | | 01/25/2022 | $150.00 |
| 000159 | PMNT | 02/24/2022 | CL | A | KWAME KILPATRICK | | R0204030019 | | 02/26/2022 | $150.00 |
| 000161 | PMNT | 03/23/2022 | CL | A | KWAME KILPATRICK | | R0204030013 | | 03/25/2022 | $150.00 |
| 000167 | PMNT | 04/11/2022 | CL | A | KWAME KILPATRICK | | R0204030015 | | 04/13/2022 | $150.00 |
| 000171 | PMNT | 05/18/2022 | CL | A | KWAME KILPATRICK | | R02040300114 | | 05/20/2022 | $150.00 |
| 000175 | PMNT | 06/06/2022 | CL | A | KWAME KILPATRICK | | R02040300113 | | 06/08/2022 | $150.00 |
| 000177 | PMNT | 07/09/2022 | CL | A | KWAME KILPATRICK | | R0204030014 | | 07/12/2022 | $150.00 |
| 000179 | PMNT | 08/02/2022 | CL | A | KWAME KILPATRICK | | R02040300110 | | 08/04/2022 | $150.00 |
| 000183 | PMNT | 09/13/2022 | CL | A | KWAME KILPATRICK | | R0204030015 | | 09/15/2022 | $150.00 |
| 000185 | PMNT | 10/09/2022 | CL | A | KWAME KILPATRICK | | R0204030013 | | 10/12/2022 | $150.00 |
| 000189 | PMNT | 11/09/2022 | CL | A | KWAME KILPATRICK | | R0204030015 | | 11/11/2022 | $150.00 |
| 000193 | PMNT | 12/14/2022 | CL | A | KWAME KILPATRICK | | R0204030013 | | 12/16/2022 | $150.00 |
| 000195 | PMNT | 01/12/2023 | CL | A | KWAME KILPATRICK | | R0204030011 | | 01/14/2023 | $150.00 |
| 000201 | PMNT | 02/16/2023 | CL | A | KWAME KILPATRICK | | R0204030018 | | 02/18/2023 | $150.00 |
| 000203 | PMNT | 03/01/2023 | CL | A | KWAME KILPATRICK | | R02040300119 | | 03/03/2023 | $150.00 |
| 000205 | PMNT | 04/10/2023 | CL | A | KWAME KILPATRICK | | R0204030019 | | 04/12/2023 | $150.00 |
| 000211 | PMNT | 05/17/2023 | CL | A | KWAME KILPATRICK | | R0204030016 | | 05/19/2023 | $150.00 |
| 000215 | PMNT | 06/27/2023 | CL | A | KWAME KILPATRICK | | R0204030015 | | 06/29/2023 | $150.00 |
| 000219 | PMNT | 07/07/2023 | CL | A | KWAME KILPATRICK | | R02040300117 | | 07/11/2023 | $150.00 |
| 000221 | PMNT | 08/03/2023 | CL | A | KWAME | | R0204030019 | | 08/08/2023 | $150.00 |

| Sequence Finance | Finance Code | Received Date | Payment Form | Received By USAO | Received From | Deposit Number | Check Number | BOP Deposit Number | Posting Date | Payment Amount |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | KILPATRICK | | | | | |
| 000225 | PMNT | 09/15/2023 | CL | A | KWAME KILPATRICK | | R0204030019 | | 09/19/2023 | $150.00 |
| 000227 | PMNT | 10/03/2023 | CL | A | KWAME KILPATRICK | | R02040300118 | | 10/05/2023 | $150.00 |
| 000231 | PMNT | 11/03/2023 | CL | A | KWAME KILPATRICK | | R02040300117 | | 11/07/2023 | $150.00 |
| 000233 | PMNT | 12/04/2023 | CL | A | KWAME KILPATRICK | | R02040300117 | | 12/06/2023 | $150.00 |
| 000237 | PMNT | 01/02/2024 | CL | A | KWAME KILPATRICK | | R02040300114 | | 01/04/2024 | $150.00 |
| 000247 | PMNT | 03/13/2024 | CL | A | KWAME KILPATRICK | | 009581 | | 03/15/2024 | $204.31 |
| 000249 | PMNT | 03/19/2024 | CL | A | KWAME KILPATRICK | | R0204030011 | | 03/21/2024 | $150.00 |
| Grand Total | | | | | | | | | | $9,099.81 |

**Sensitive But Unclassified**
Page 3 of 3