## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

              Plaintiff,                    Case No.: 2:22-MC-51143

v                                        Hon. Nancy G. Edmunds

KWAME M. KILPATRICK,

              Defendant,

and

MICHIGAN DEPARTMENT
OF TREASURY,

              Garnishee.

_____/

## MOTION FOR FINAL ORDER OF CONTINUING GARNISHMENT

COMES NOW, the United States of America, Plaintiff, and moves this Court, pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act ("FDCPA"), to enter a Final Order of Continuing Garnishment against the substantial nonexempt property of Defendant-Judgment Debtor, Kwame M. Kilpatrick, and in support states:

1. This Court entered an Amended Judgment against Kwame M. Kilpatrick in Criminal Case No.: 10CR20403 01 in the amount of $1,718,457.11 (Case No.: 10CR20403 01, ECF No. 611), and the outstanding balance as of August 21, 2024, is:

| | |
|---|---|
| $1,718,457.11 | Judgment Amount[1] |
| ( $886,543.41) | Credits applied to Judgment[2] |
| $831,913.70 | Debt balance |

2.   The above amounts are based on the Clerk of the Court's records. *See* **Exhibit A – Payment History**.

3.   To enforce this Court's restitution judgment, the United States sought, obtained, and served a Writ of Garnishment on the Michigan Department of Treasury (the "Michigan Treasury"). ECF No. 14, 16, and 17.

4.   On March 26, 2024, pursuant to the Writ, the Michigan Treasury filed an Answer stating it has in its possession, custody, or control, cash in the amount of $6,704.07 in which Mr. Kilpatrick has an interest. ECF No. 19. A representative of the Michigan Treasury further attested to service of its Answer to Mr. Kilpatrick on March 19, 2024. *Id*., PageID. 110.

5.   On March 26, 2024, Mr. Kilpatrick filed a response "pursuant to 18 U.S.C. § 3664(h)" and alleged 1) no or improper service; 2) he does not owe the debt; and 3) requested a hearing. ECF No. 18.

---

[1] The amended judgment imposed a $2,400.00 mandatory special assessment under 18 U.S.C. § 3013 plus $1,716,057.11 in restitution under 18 U.S.C. § 3664. Case No.: 10CR20403 01, ECF No. 611. Interest is not accruing on the debt. *Id*.

[2] Pursuant to 18 U.S.C. § 3612, payments are applied first to special assessments, then to restitution to all victims. Defendant has also been given credit for payments received from jointly and severally liable co-defendants in accordance with 18 U.S.C. § 3664(h) if applicable.

2

6. On April 12, 2024, the United States filed a Response in Opposition to Mr. Kilpatrick's Objection to Garnishment with a supporting brief, identifying its compliance with all statutory aspects of 28 U.S.C. § 3205 and Mr. Kilpatrick's failure to meet his burden under 28 U.S.C. § 3014(b)(2) by identifying or supporting any of his § 3205 objections or claims. ECF No. 20.

7. On May 13, 2024, Mr. Kilpatrick filed a second request for a hearing, and claimed and/or alleged the following:

    a. he does not believe he owes the debt, and he does not believe the information provided by the Government concerning his debt is accurate; and

    b. he believes the property is exempt and claimed it is exempt under 26 U.S.C. §§ 6334(a)(1) - (3) and (9) as: (1) wearing apparel and school books; (2) fuel provisions, furniture, and personal effects that do not exceed $11,390.00; (3) books and tools of a trade, business, or profession that do not exceed $5,700.00; and (11) minimum exemptions for wages, salary and other income.

8. Mr. Kilpatrick's second request also included a letter stating he received the Government's garnishment packet by mail on "Friday, April 26, 2024" and was responding in writing on "Monday, May 13, 2024." ECF No. 21-1.

3

Without specificity, Mr. Kilpatrick re-alleged the prior claims listed. In addition, Mr. Kilpatrick requested the garnishment hearing for this matter be transferred to the federal district in Georgia in which he claimed to reside.

9. Mr. Kilpatrick's most recent payment for restitution was $150.00 on March 19, 2024. *See* **Exhibit A.**

10. The Court should grant the United States' Motion for Final Order of Continuing Garnishment authorizing the Michigan Treasury to make payable Mr. Kilpatrick's unclaimed property because it is subject to his criminal restitution judgment, the United States has complied with all of the statutory requirements for a Final Order of Garnishment under 28 U.S.C. § 3205, and Mr. Kilpatrick has not offered any evidence in support of his allegations, objections, or claimed exemptions. *See* 28 U.S.C. § 3205(c)(5) ("The party objecting shall state the grounds for the objection and bear the burden of proving such grounds.").

WHEREFORE, all conditions necessary for a Final Order of Continuing Garnishment against the substantial nonexempt property of Kwame M. Kilpatrick having been met, the United States moves for entry of a Final Order of Continuing Garnishment. A proposed order will be submitted separately via ECF Utilities.

Respectfully submitted,

DAWN N. ISON
United States Attorney


/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Bar No.: (TX 24090291)

Date: August 21, 2024

## <u>CERTIFICATE OF SERVICE</u>

I, Jessica A. Nathan, Assistant United States Attorney for the Eastern District of Michigan, do hereby certify that the foregoing *United States' Motion for Final Order of Continuing Garnishment* was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically notice counsel of record.

I further certify that I have mailed the foregoing document, by United States Postal Service, to the following non-CM/ECF participants, utilizing the last known address available to the United States Attorney's Office for the Eastern District of Michigan.

Kwame M. Kilpatrick
XXXX
Novi, MI XXXXX
*Defendant-Judgment Debtor*

Michigan Dept. of Treasury,
Unclaimed Property
ATTN: Terry Stanton
PO Box 30756
Lansing, MI 48909
*Garnishee*

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Bar No.: (TX 24090291)

Date: August 21, 2024

6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

            Plaintiff,                     Case No.: 2:22-MC-51143

v                                    Hon. Nancy G. Edmunds

KWAME M. KILPATRICK,

            Defendant,

and

MICHIGAN DEPARTMENT
OF TREASURY,

            Garnishee.

_____/

**BRIEF IN SUPPORT OF MOTION FOR**
**<u>FINAL ORDER OF CONTINUING GARNISHMENT</u>**

The United States of America files this Brief in support of its Motion for Final Order of Continuing Garnishment and as a supplement to the information previously provided in its Response in Opposition to Mr. Kilpatrick's objections to garnishment ("Response"). *See* ECF No. 20.

**AUTHORITIES and ANALYSIS**

**I.    Mr. Kilpatrick's objections fail as a matter of law.**

Although Mr. Kilpatrick asserts he does not "believe" he owes any money and that the Government has not provided accurate information concerning his debt, neither claim is relevant to this garnishment action. ECF No. 21, PageID. 136-137.

As previously outlined in the Response, an attack on the underlying debt in a garnishment objection "is an impermissible route to collaterally attack the judgment." (*United States v. Whitt*, No. 11-50395, 2011 WL 4062459, at *1 (E.D. Mich. Sept. 13, 2011) (citing *United States v. Pugh*, 75 Fed. Appx. 546, 547 (8th Cir. 2003)).

As outlined in the Government's Response, Mr. Kilpatrick's restitution judgment of $1,718,457.11 has received direct payments from Mr. Kilpatrick totaling $9,099.81 ($6,699.81 applied to his restitution and $2,4000.00 to his special assessment). *See* **Exhibit A - Payment History**. Due to Mr. Kilpatrick's debt being joint and several with his co-defendant, Bobby Ferguson, Mr. Kilpatrick receives partial credit for his co-defendant's payments pursuant to 18 U.S.C. § 3664(h). *See also* **Exhibit B – Detail History** (evidencing Mr. Kilpatrick's receipt of partial credit for his co-defendant's payments).[1] Specifically, the Clerk of the Court gave Mr. Kilpatrick credit for $877,411.40 of the payments made by Mr. Ferguson. *Id.* Kilpatrick's efforts to raise issues concerning Mr. Ferguson's forfeiture action and "credits applied" to restitution (ECF No. 21-1) must fail because they are beyond the issues that may be addressed in a garnishment hearing. *See* 28 U.S.C. § 3302(d)(1)-

---

[1] The clerk of court adheres to policies and procedures provided in the "Guide to Judiciary Policy and Procedures," as well as other user manuals and procedural manuals issued by the Director of the Administrative Office of the Courts in applying payments in its accounting system.

2

(3) (a hearing under the FDCPA is limited to: (1) the validity of a claim of exemption by the judgment debtor; (2) compliance with a statutory requirement of the issuance of the writ; and (3) certain issues that pertain to the enforcement of a default judgment). And as previously noted, Mr. Kilpatrick has already received credit for Mr. Ferguson's payments made as a result of restoration of forfeited funds to restitution. *See* **Exhibit B**.

## II.    No hearing is necessary for Mr. Kilpatrick's objections.

Under the FDCPA, a judgment debtor may file a written objection to garnishment and request a hearing. The objection must "state the grounds for the objection," and the judgment debtor bears the burden of proving those grounds. 28 U.S.C. §3205(c)(5).

In his second set of objections, Mr. Kilpatrick alleges that the cash with the Michigan Treasury is exempt property as: (1) wearing apparel and school books; (2) fuel provisions, furniture, and personal effects that do not exceed $11,390.00; (3) books and tools of a trade, business, or profession that do not exceed $5,700.00; and (11) minimum exemptions for wages, salary and other income. ECF No. 21, PageID. 138-139. However, Mr. Kilpatrick must provide a factual basis to support his claims that the property falls within an exemption, and he has not provided the Court with any documents to support his claims.

Although the statutory language requires the court to "hold a hearing as soon

3

as practicable," courts have denied requests for hearings "where the debtor did not object based upon one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit or where the objection was simply a matter of statutory interpretation." *United States v Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (denying a hearing where debtor failed to identify any valid objections to the writ of garnishment).

Here, Mr. Kilpatrick has made claims and allegations concerning the property, and peripheral claims concerning the validity of the debt, but he has failed to offer any support or provide any evidence to his claims. As the party bearing the burden of showing he is entitled to the exemption, Mr. Kilpatrick has put forth nothing. This Court should therefore follow the *Miller* case and rule on the garnishment without holding an evidentiary hearing.

### III. Mr. Kilpatrick's request for transfer should be denied because his request was untimely and he does not live in Georgia.

Even if the Court grants Mr. Kilpatrick's hearing request, Mr. Kilpatrick is not entitled to transfer the proceedings to Georgia. The FDCPA provides that upon the debtor's request, "*within 20 days* after receiving the notice described in section 3101(d) or 3202(b), the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor *resides*." 28 U.S.C. § 3004(b)(2) (emphasis added).

4

**A. Kilpatrick's request was untimely.**

Here, Mr. Kilpatrick was served with the Writ on March 13, 2024 (ECF No. 17). Mr. Kilpatrick filed a "Notice of Objection to Garnishment" and requested a hearing on March 25, 2024. ECF No. 18. In his objection, Mr. Kilpatrick acknowledged his "actual knowledge" of the garnishment proceedings ("[Mr. Kilpatrick] only gained *actual knowledge* of the subject proceedings through colleagues who told him about these proceedings after learning about the same through local media coverage."). ECF No. 18, PageID. 99 (emphasis added). On May 13, 2024, well after the 20-day deadline, Mr. Kilpatrick requested to transfer venue to Georgia. ECF No. 21, PageID. 140. Because Mr. Kilpatrick's request is untimely, the Court should deny his request to transfer venue.

**B. Kilpatrick cannot establish that he resides in Georgia.**

Even if the Court were to accept Mr. Kilpatrick's belated assertion that he did not receive service of the Writ until April 13, 2024, the request for a transfer of venue should be denied because he does not appear to reside in Georgia.

Mr. Kilpatrick is no longer on supervised release in the Northern District of Georgia, and he is jointly and severally liable with another defendant, Bobby Ferguson, in this district for restitution.[2] Since the termination of his supervision,

---

[2] Mr. Ferguson's case also remains in this District.

Mr. Kilpatrick has not appeared to reside in Georgia. *See* attached **Exhibit C – Return to Sender**; **Exhibit D – Zillow Listing**; **Exhibit E – Georgia Photos**; and **Exhibit F – USPS Tracking**. Even prior to the termination of his supervision, Mr. Kilpatrick appeared to make preparations for a return to metro Detroit in January of 2024. *See* attached **Exhibit G – 01/19/2024 Detroit MetroTimes – Novi Residence**. Correspondence from the United States Attorney's Office directed to Mr. Kilpatrick's address in Georgia has either been returned or forwarded and re-routed back to Michigan from his address in Georgia (**Exhibit C and F**). Although Kilpatrick has claimed a residence in Georgia, the address he claims to be his residence is listed for sale and appears to be staged or vacant. **Exhibit D and E**. In addition, Mr. Kilpatrick was recently photographed in the Detroit area attending public events in March and June, and his address for court mail is directed to Northville, Michigan. *See* attached **Exhibit G – 06/15/2024 Deadline Detroit.** *See also* ECF No. 18. The Government strongly suspects he simply seeks to delay the inevitable, and only waste time and resources. This Court is most familiar with Mr. Kilpatrick's case and is best suited to retain jurisdiction for further enforcement as necessary.

Even if Kilpatrick can establish residency in Georgia, transfer would still not be appropriate. As stated above, the FDCPA provides that if the debtor files a timely request to transfer, "the action or proceeding in which the writ, order, or judgment

6

was issued shall be transferred to the district court for the district *in which the debtor resides*." 28 U.S.C. § 3004(b)(2) (emphasis added). Courts, however, are split on whether the right to transfer is absolute. *Compare United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999) ("Because the plain language of [the FDCPA] is mandatory, the district court must grant a transfer as long as it is made in a timely manner."), with *United States v. Furkin*, 165 F.3d 33 (7th Cir. 1998) (unpublished) (district court properly denied timely request to transfer pursuant to § 3004(b)(2) because a sentencing court retains jurisdiction to enforce the payment of the criminal monetary penalties it imposes).

"The bulk of district courts that have considered the FDCPA's transfer provision in collection cases *arising from a restitution order issued under the MVRA* have found that the transfer provision is not absolute." *United States v. Castellano*, No. 01-CR-30042, 2022 WL 1541686, at *2 (S.D. Ill. May 16, 2022). That includes courts in the Sixth Circuit. *See United States v. Avery*, No. 18-MC-50256, 2024 WL 2874554, at *2 (E.D. Mich. June 7, 2024) (denying a motion to transfer finding it to be best situated to oversee any garnishment proceedings and that any transfer would only be a waste of time and resources for all involved); *United States v. French*, No. 3:96CR-96, 2015 WL 5167641, at *3 (W.D. Ky. Sept. 3, 2015) (finding that "a debtor is entitled to a transfer unless it is shown that such transfer is requested merely for delay or frustration of collection efforts"); *United States v. Poulson*, No. 2:06-

7

CR-129, 2010 WL 1849294, at 4-5 (S.D. Ohio May 3, 2010) (denying a motion to transfer because transfer would interfere with the Court's obligation under the MVRA to ensure that the defendant complied with the judgment for restitution).

Following the reasoning of the decisions cited above, the Court should read § 3004(b)(2) in light of other provisions of the FDCPA and Title 18, finding that § 3001(b) provides an exception to the otherwise mandatory transfer language of § 3004(b)(2) ("[t]o the extent that another Federal law specifies procedures for recovering on a claim or a judgment for a debt arising under such law, those procedures shall apply to such claim or judgment to the extent those procedures are inconsistent with this chapter") and retain this case for disposition in this district because this Court has the greatest interest in ensuring compliance with its judgment and the greatest ability to supervise compliance with its orders and judgments. *See Avery*, at *4; and *Poulsen*, at *4.

This Court oversaw Mr. Kilpatrick's trial and evaluated the evidence supporting the restitution order. This Court has more familiarity with Mr. Kilpatrick and the issues involved in this case than any other court and should make decisions about his property in this case. As the most familiar and knowledgeable with this case, this Court is in a better position to evaluate the evidence regarding Mr. Kilpatrick's objections and issues involving the payment of restitution through the Writ of Garnishment. Goals of judicial efficiency and economy are more readily

8

achieved through maintaining venue of the garnishment proceedings in this district, rather than transferring it to a court in Georgia with no knowledge of the case.

Further, the decision in this matter does not involve matters of local law and custom regarding the property at issue. As outlined above and in the government's Response, by statute, a hearing under the FDCPA is limited to: (1) the validity of a claim of exemption by the judgment debtor; (2) compliance with a statutory requirement of the issuance of the writ; and (3) certain issues that pertain to the enforcement of a default judgment. 28 U.S.C. § 3202(d). A judgment debtor who contests a writ of garnishment bears the burden of showing that he or she is entitled to an exemption. *Id*. § 3205(c)(5).

Neither fairness concerns nor due process interests call for a different result. The only property exemptions available to Mr. Kilpatrick in this case are those listed under the Internal Revenue Code, found within 26 U.S.C. § 6334. *See* 18 U.S.C. § 3613(a) (IRS exemptions under Title 26 govern enforcement of fines and restitution). State law exemptions do not apply to this proceeding to enforce a criminal debt. *Id*. Accordingly, a change of venue will not have an impact on the applicability of Georgia versus Michigan property exemptions.

Accordingly, the United States submits that Mr. Kilpatrick's request for a hearing and a transfer of venue is made only to delay or frustrate collection efforts, and that Mr. Kilpatrick has not set forth a valid basis for relief from the Writ.

9

**WHEREFORE**, the United States respectfully requests that the Court deny Mr. Kilpatrick's request for a hearing, deny the request for transfer of the proceedings to Georgia, and enter a Final Order of Continuing Garnishment against the substantial nonexempt property of Defendant-Judgment Debtor, Kwame M. Kilpatrick.

Respectfully submitted,

DAWN N. ISON
United States Attorney

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Bar No.: (TX 24090291)

Date: August 21, 2024

10

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                Case No.: 2:22-MC-51143

v                                  Hon. Nancy G. Edmunds

KWAME M. KILPATRICK,

        Defendant,

and

MICHIGAN DEPARTMENT
OF TREASURY,

        Garnishee.

_____/

**INDEX of EXHIBITS**

| | |
|---|---|
| A | Payment History |
| B | Detail History |
| C | Letter - Return to Sender |
| D | Zillow Listing of Georgia Residence |
| E | Georgia Residence Property Photos |
| F | USPS Tracking® Information |
| G | 01/19/2024 Detroit MetroTimes Article – Novi Residence |
| H | 06/15/2024 Deadline Detroit Article |

# Exhibit A

USA VS KILPATRICK ET AL
DMIE210CR020403 KWAME KILPATRICK
Party Code: MIEA015462
Comments:

Report Generated on: 8/21/2024:04:24PM
Last Updated: 8/20/2024

Summary of Criminal Debts

| Debt Type | Case Number | Imposed | Collected | Outstanding |
|---|---|---|---|---|
| FEDERAL RESTITUTION with Interest | DMIE210CR020403001 | $195,403.61 | $0.00 | $195,403.61 |
| SPECIAL PENALTY ASSESSMENT | DMIE210CR020403001 | $2,400.00 | $2,400.00 | $0.00 |
| VICTIM JS RESTITUTION | DMIE210CR020403B | $1,520,653.50 | $884,143.41 | $636,510.09 |
| Totals | | $1,718,457.11 | $886,543.41 | $831,913.70 |

Detailed Records: Individual Payment History

| Date | Penalty Type | Case Number | Receipt | Paid |
|---|---|---|---|---|
| 6/4/2024 | VICTIM JS RESTITUTION | DMIE210CR020403B | MIECCA24-00190 | $6,699.81 |
| 6/4/2024 | FEDERAL RESTITUTION | DMIE210CR020403001 | MIECCA24-00190 | $-5,154.31 |
| 3/19/2024 | FEDERAL RESTITUTION | DMIE210CR020403001 | P031924DMIE210CR0204030011 | $150.00 |
| 3/13/2024 | FEDERAL RESTITUTION | DMIE210CR020403001 | MIECCA24-DET150009581 | $204.31 |
| 1/2/2024 | FEDERAL RESTITUTION | DMIE210CR020403001 | P010224DMIE210CR02040300114 | $150.00 |
| 12/4/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | P120423DMIE210CR02040300117 | $150.00 |
| 11/3/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | P110323DMIE210CR02040300117 | $150.00 |
| 10/3/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | P100323DMIE210CR02040300118 | $150.00 |
| 9/15/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | P091523DMIE210CR0204030019 | $150.00 |
| 8/3/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | P080323DMIE210CR0204030019 | $150.00 |
| 7/7/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | P070723DMIE210CR02040300117 | $150.00 |
| 6/27/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | P062723DMIE210CR0204030015 | $150.00 |
| 5/17/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | P051723DMIE210CR0204030016 | $150.00 |
| 4/10/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | P041023DMIE210CR0204030019 | $150.00 |
| 3/1/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | P030123DMIE210CR02040300119 | $150.00 |
| 2/16/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | P021623DMIE210CR0204030018 | $150.00 |
| 1/12/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | P011223DMIE210CR0204030011 | $150.00 |
| 12/14/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | P121422DMIE210CR0204030013 | $150.00 |
| 11/9/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | P110922DMIE210CR0204030015 | $150.00 |
| 10/9/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | P100922DMIE210CR0204030013 | $150.00 |
| 9/13/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | P091322DMIE210CR0204030015 | $150.00 |
| 8/2/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | P080222DMIE210CR02040300110 | $150.00 |
| 7/9/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | P070922DMIE210CR0204030014 | $150.00 |
| 6/6/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | P060622DMIE210CR02040300113 | $150.00 |
| 5/18/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | P051822DMIE210CR02040300114 | $150.00 |
| 4/11/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | P041122DMIE210CR0204030015 | $150.00 |
| 3/23/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | P032322DMIE210CR0204030013 | $150.00 |
| 2/24/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | P022422DMIE210CR0204030019 | $150.00 |
| 1/23/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | P012322DMIE210CR0204030012 | $150.00 |
| 12/21/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | P122121DMIE210CR0204030014 | $150.00 |
| 11/8/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | MIECCA22-DET138092 | $150.00 |
| 10/14/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | MIECCA22-DET137761 | $150.00 |
| 9/17/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | MIECCA21-DET137335 | $150.00 |
| 8/23/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | MIECCA21-DET136940 | $150.00 |
| 7/19/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | MIECCA21-DET136418 | $150.00 |
| 6/21/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | MIECCA21-DET136062 | $150.00 |
| 10/16/2013 | SPECIAL PENALTY ASSESSMENT | DMIE210CR020403001 | MIECCA19-CT-DET060638 | $2,400.00 |
| Total Paid | | | | $9,099.81 |

# Exhibit B

USA VS KILPATRICK ET AL
DMIE210CR020403 KWAME KILPATRICK
Party Code: MIEA015462
Comments:

Report Generated on: 8/21/2024:04:34PM
Last Updated: 8/20/2024

Summary of Criminal Debts

| Debt Type | Case Number | Imposed | Collected | Outstanding |
|---|---|---|---|---|
| FEDERAL RESTITUTION with Interest | DMIE210CR020403001 | $195,403.61 | $0.00 | $195,403.61 |
| SPECIAL PENALTY ASSESSMENT | DMIE210CR020403001 | $2,400.00 | $2,400.00 | $0.00 |
| VICTIM JS RESTITUTION | DMIE210CR020403B | $1,520,653.50 | $884,143.41 | $636,510.09 |
| Totals | | $1,718,457.11 | $886,543.41 | $831,913.70 |

Detailed Records: Case Financial History

| Date | Penalty Type | Case Number | Party / Payee Name | Receipt | Amount |
|---|---|---|---|---|---|
| 7/23/2024 | VICTIM JS RESTITUTION | DMIE210CR020403B | BOBBY FERGUSON | P072324DMIE210CR02040300213 | $8.02 |
| 7/23/2024 | VICTIM JS RESTITUTION | DMIE210CR020403B | BOBBY FERGUSON | P072324DMIE210CR02040300212 | $24.07 |
| 6/5/2024 | VICTIM JS RESTITUTION | DMIE210CR020403B | BOBBY FERGUSON | MIECCA24-00192 | $877,379.42 |
| 6/4/2024 | VICTIM JS RESTITUTION | DMIE210CR020403B | BOBBY FERGUSON | MIECCA24-00191 | $1,450,032.88 |
| 6/4/2024 | VICTIM JS RESTITUTION | DMIE210CR020403B | BOBBY FERGUSON | MIECCA24-00191 | $-1,450,032.88 |
| 6/4/2024 | VICTIM JS RESTITUTION | DMIE210CR020403B | KWAME KILPATRICK | MIECCA24-00190 | $6,699.81 |
| 6/4/2024 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | MIECCA24-00190 | $-5,154.31 |
| 6/1/2024 | VICTIM JS RESTITUTION | DMIE210CR020403B | BOBBY FERGUSON | P060124DMIE210CR0204030027 | $8.02 |
| 6/1/2024 | VICTIM JS RESTITUTION | DMIE210CR020403B | BOBBY FERGUSON | P060124DMIE210CR0204030026 | $24.07 |
| 3/19/2024 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P031924DMIE210CR0204030011 | $150.00 |
| 3/13/2024 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | MIECCA24-DET150009581 | $204.31 |
| 1/2/2024 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P010224DMIE210CR02040300114 | $150.00 |
| 12/4/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P120423DMIE210CR02040300117 | $150.00 |
| 11/3/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P110323DMIE210CR02040300117 | $150.00 |
| 10/3/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P100323DMIE210CR02040300118 | $150.00 |
| 9/15/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P091523DMIE210CR0204030019 | $150.00 |
| 8/3/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P080323DMIE210CR0204030019 | $150.00 |
| 7/7/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P070723DMIE210CR02040300117 | $150.00 |
| 6/27/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P062723DMIE210CR0204030015 | $150.00 |
| 5/17/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P051723DMIE210CR0204030016 | $150.00 |
| 4/10/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P041023DMIE210CR0204030019 | $150.00 |
| 3/1/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P030123DMIE210CR02040300119 | $150.00 |
| 2/16/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P021623DMIE210CR0204030018 | $150.00 |
| 1/12/2023 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P011223DMIE210CR0204030011 | $150.00 |
| 12/14/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P121422DMIE210CR0204030013 | $150.00 |
| 11/9/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P110922DMIE210CR0204030015 | $150.00 |
| 10/9/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P100922DMIE210CR0204030013 | $150.00 |
| 9/13/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P091322DMIE210CR0204030015 | $150.00 |
| 8/2/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P080222DMIE210CR02040300110 | $150.00 |
| 7/9/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P070922DMIE210CR0204030014 | $150.00 |
| 6/6/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P060622DMIE210CR0204030013 | $150.00 |
| 5/18/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P051822DMIE210CR02040300114 | $150.00 |
| 4/11/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P041122DMIE210CR0204030015 | $150.00 |
| 3/23/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P032322DMIE210CR0204030013 | $150.00 |
| 2/24/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P022422DMIE210CR0204030019 | $150.00 |
| 1/23/2022 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P012322DMIE210CR0204030012 | $150.00 |
| 12/21/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | P122121DMIE210CR0204030014 | $150.00 |
| 11/8/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | MIECCA22-DET138092 | $150.00 |
| 10/14/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | MIECCA22-DET137761 | $150.00 |
| 9/17/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | MIECCA21-DET137335 | $150.00 |
| 8/23/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | MIECCA21-DET136940 | $150.00 |
| 7/19/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | MIECCA21-DET136418 | $150.00 |
| 6/21/2021 | FEDERAL RESTITUTION | DMIE210CR020403001 | KWAME KILPATRICK | MIECCA21-DET136062 | $150.00 |

| Date | Penalty Type | Case Number | Party / Payee Name | Receipt | Amount |
|------|-------------|-------------|-------------------|---------|--------|
| 10/16/2013 | SPECIAL PENALTY ASSESSMENT | DMIE210CR020403001 | KWAME KILPATRICK | MIECCA19-CT-DET060638 | $2,400.00 |

# Exhibit C

# USPS Tracking®

**FAQs** ❯

**Tracking Number:**

**Remove** ✕

## 9589071052700878316996

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item has been delivered to the original sender at 1:20 pm on February 7, 2024 in DETROIT, MI 48226.

---

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

● **Delivered**
**Delivered, To Original Sender**
DETROIT, MI 48226
February 7, 2024, 1:20 pm

● **Out for Delivery**
DETROIT, MI 48216
February 7, 2024, 6:11 am

● **Arrived at Post Office**
DETROIT, MI 48216
February 7, 2024, 6:00 am

● **Arrived at USPS Regional Facility**
DETROIT MI DISTRIBUTION CENTER
February 4, 2024, 10:49 am

● **Arrived at USPS Regional Facility**
ATLANTA NORTH METRO DISTRIBUTION CENTER
February 2, 2024, 3:40 am

● **Unclaimed/Being Returned to Sender**

Feedback

GRIFFIN, GA 30223
January 6, 2024, 12:48 pm

**Reminder to Schedule Redelivery of your item**
December 28, 2023

**Notice Left** (No Authorized Recipient Available)
GRIFFIN, GA 30223
December 23, 2023, 1:20 pm

**Arrived at USPS Regional Facility**
ATLANTA GA DISTRIBUTION CENTER
December 22, 2023, 9:13 am

**Arrived at USPS Regional Facility**
PONTIAC MI DISTRIBUTION CENTER
December 20, 2023, 11:24 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?** (https://faq.usps.com/s/article/Where-is-my-package)

---

**Text & Email Updates**                                                      ⌄

---

**USPS Tracking Plus®**                                                        ⌄

---

**Product Information**                                                        ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.





**United States Department of Justice**

NIXIE      300   DE  1         0002/02/24
          RETURN TO SENDER
             UNCLAIMED
          UNABLE TO FORWARD

UNC   BC:  48226322001      *2264-09359-20-41
3220      ․ʰ¹ᵗ¹ʰ¹ᵗᵗʰ¹ᵗᵗʰᵗ¹ʰᵗ¹¹¹ʰᵗᵗ¹ᵗᵗ¹¹¹ᵗ¹ᵗ¹ᵗ¹¹¹ᵗᵗ¹ᵗ¹¹¹

Jessica A. Nathan
Assistant United States Attorney

Facsimile: (313) 226-3800
E-Mail: Jessica.Nathan@usdoj.gov

December 20, 2023

Mr. Kwame M. Kilpatrick
506 Inkberry Dr.
Griffin, GA 30223

Re:   *United States v. Kwame M. Kilpatrick, et al.*
      Criminal No. 10-cr-20403 (E.D. Mi.)
      Name: Kwame M. Kilpatrick aka Kwame Malik Kilpatrick

Dear Mr. Kilpatrick,

REDACTED

[SIGNATURE ON NEXT PAGE]

Sincerely,

DAWN N. ISON
United States Attorney

By:   s/ Jessica A. Nathan
      JESSICA A. NATHAN
      Assistant United States Attorney

cc:
Alexander Moody, United States Probation Office

# Exhibit D

  

← Back to search    ⓩ **Zillow®**    ♡ Save    ⬆ Share    ⊘ Hide    •••



For sale









⊞ **See all 55 photos**

## $499,000

506 Inkberry Dr, Griffin, GA 30223

| **4** beds | **3** baths | **2,982** sqft |

Est.: **$3,294/mo** ✎ **Get pre-qualified**

📊 Single Family Residence     🔨 Built in 2019     ⚖ 9,583 sqft lot

ⓩ $498,100 Zestimate®     📋 $167/sqft     🤲 $250/mo HOA

# What's special

**EXPANSIVE ISLAND     BRIGHT AND AIRY KITCHEN     PLANTATION SHUTTERS**

**DOUBLE PANE WINDOWS     UPDATED HIGH-END LIGHTING     BEAUTIFUL GRANITE COUNTERTOPS**



‹ Back to search        🏠 Zillow        ♡ Save    ⬆ Share    ⊘ Hide    ○○○

| Overview | Facts & features | Market value | Payment calculator | Neighborhood |

⌄ **Show more**

## Price history

| Date | Event | Price |
|------|-------|-------|
| 6/23/2024 | Listed for sale | $499,000 |
|  |  | $167/sqft |
| Source: GAMLS GAMLS #10324793 Report | | |
| 6/23/2024 | Listing removed | -- |
| Source: GAMLS GAMLS #10269465 Report | | |
| 3/22/2024 | Listed for sale | $499,000 |
|  |  | $167/sqft |
| Source: GAMLS GAMLS #10269465 Report | | |

## Public tax history

| Year | Property taxes | Tax assessment |
|------|---------------|----------------|
| 2022 | $5,676 +14.9% | $156,097 +14.9% |
| 2021 | $4,938 +1.5% | $135,802 +3.9% |
| 2020 | $4,865 +607.3% | $130,690 +626.1% |

# Exhibit E

  

Back to listing                                                      Save      Share      Hide     ooo









〈  Back to listing                                   ♡ Save      ⬆ Share      ⊘ Hide    ooo







 Back to listing

 Save    Share    Hide    











  

Back to listing    Save    Share    Hide    ooo









 Back to listing      Save   Share   Hide   °°°



< Back to listing           ♡ Save    ⬆ Share    ⊘ Hide    ooo









⟨ Back to listing                                   ♡ Save    ⬆ Share    ⊘ Hide    ⦁⦁⦁



‹  Back to listing                                        ♡ Save      ⬆ Share     ⊘ Hide    ○○○



 Back to listing           Save    Share    Hide    ooo



〈 Back to listing

 Save  Share ⊘ Hide ⚬⚬⚬







# Exhibit F

# USPS Tracking®

**FAQs >**

**Remove ✕**

Tracking Number:

## 9589071052700227474544

Copy    Add to Informed Delivery (https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to an individual at the address at 11:10 am on May 8, 2024 in NOVI, MI 48374.

Get More Out of USPS Tracking:

USPS Tracking Plus®

● **Delivered**
Delivered, Left with Individual
NOVI, MI 48374
May 8, 2024, 11:10 am

● **In Transit to Next Facility**
May 2, 2024

● **Arrived at USPS Regional Facility**
JACKSONVILLE FL DISTRIBUTION CENTER
April 21, 2024, 2:18 am

● **Arrived at USPS Regional Facility**
GAINESVILLE FL DISTRIBUTION CENTER
April 18, 2024, 12:53 pm

● **Forwarded**
GRIFFIN, GA
March 30, 2024, 9:06 am

● **Arrived at USPS Regional Facility**
ATLANTA GA DISTRIBUTION CENTER

Feedback

March 29, 2024, 9:23 am

**Arrived at USPS Regional Facility**
ATLANTA GA DISTRIBUTION CENTER
March 28, 2024, 10:12 am

**Forwarded**
GRIFFIN, GA
March 21, 2024, 9:31 am

**Arrived at USPS Regional Facility**
ATLANTA GA DISTRIBUTION CENTER
March 19, 2024, 11:46 pm

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

**Text & Email Updates** ⌄

**USPS Tracking Plus®** ⌄

**Product Information** ⌄

**See Less** ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**



**United States Department of Justice**

United States Attorney's Office
Eastern District of Michigan

*Jessica A. Nathan*
Assistant United States Attorney

211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Telephone: (313) 226-9643
Facsimile: (313) 226-3800
E-Mail: Jessica.Nathan@usdoj.gov

March 13, 2024

*Via USPS CM 9589 0710 5270 0227 4745 44
& 1st Class Mail*

Kwame M. Kilpatrick
506 Inkberry Dr.
Griffin, GA 30223

    Re:    *United States v. Kwame M. Kilpatrick*
             Criminal No. 10-cr-20403 (E.D. Mi.)

Dear Mr. Kilpatrick,

REDACTED

Sincerely,

DAWN N. ISON
United States Attorney

By:    s/ Jessica A. Nathan
             JESSICA A. NATHAN
             Assistant United States Attorney

Enclosure



Subscribe




NEWS & VIEWS     METRO DETROIT

METRO DETROIT     NEWS     REAL ESTATE

# Kwame Kilpatrick's wife buys enormous house in Novi despite former mayor's unpaid restitution

Feds will likely put a lien on the $807,000 home

By Steve Neavling

Jan 19, 2024 at 12:42 pm

REDACTED



Is disgraced former Detroit Mayor Kwame Kilpatrick living in Novi now?

*Steve Neavling*

SUBSCRIBE

**SEND A NEWS TIP**   Tᴛ    REDACTED   ✕

Former Detroit Mayor Kwame Kilpatrick
upscale residential enclave in Novi last
husband still owes a hefty amount of m
stemming from his corruption convictic

LaTicia Kilpatrick, who married the disg
Detroit's Historic Little Rock Baptist Church, purchased the home through the
Pathfinder Consulting Firm, a Warren-based company that she owns. She took
out a $645,600 mortgage, according to property records obtained by *Metro
Times*.

As of November, Kilpatrick, who was released from prison and is now a pastor, still owed more than $1 million in restitution and unpaid taxes, the _Detroit Free Press_ reported.

In the summer of 2022, federal prosecutors launched an investigation in an effort to recover the unpaid restitution after Kilpatrick and his wife created a crowdfunding campaign to raise $800,000 for a new home in Orlando, Fla.

Former Assistant U.S. Attorney Anjali Prasad tells _Metro Times_ that the Kilpatricks may believe they are being clever by purchasing the home through LaTicia Kilpatrick, but that won't stop federal prosecutors from seeking a lien on the home.

REDACTED

"They are very, very, very good at what t
criminal defense firm Prasad Legal. "Th
that he can be lawfully married and son
purchase a home, which under the law
thinking. It matters not whose name is
marital asset."

Prasad points out that the Justice Department's Financial Litigation Unit is effective at recovering restitution after a conviction.

"I'm 110% sure that the feds can and will put a lien on that home," Prasad says.

It wasn't immediately clear if the Kilpatricks are living at the home yet. When a *Metro Times* reporter knocked on the door on Friday, a Black woman answered and claimed the Kilpatricks don't live there. She declined to answer any further questions.

A Bible study video posted by Kwame Kilpatrick on Facebook on Friday morning showed cabinets in the background that look identical to the ones shown in photos for the home's real estate listing.

SUBSCRIBE

REDACTED

×



A video posted on Facebook by Kwame Kilpatrick on Frida
identical to the ones shown in photos for the real estate lis

Since former President Donald Trump c
sentence in 2021, federal authorities ha
mayor has failed to pay his restitution, c

In February 2023, U.S. District Judge Na
only paying $5,000 in federal restitution, saying he "has a history of spending his
money on a lavish lifestyle rather than paying off his obligations."

According to documents obtained by *Metro Times*, Kwame and Laticia Kilpatrick created four limited liability companies in the past three years in Georgia, where they were recently living. Late last year, the former mayor <u>was hired as executive director of Taking Action for Good</u>, a Memphis, Tenn.-headquartered nonprofit which focuses on reducing lengthy sentences for people imprisoned for nonviolent crimes.

SUBSCRIBE

Kilpatrick served more than seven years in prison after being convicted of numerous crimes in March 2013, including fraud, extortion, racketeering conspiracy, and tax crimes.

According to a recent real estate listing         REDACTED          REDACTED
home on Southwyck Court near Nine M
bathrooms, a three-car garage, a catwa
with a dual-sided wood burning fireplac
and bathroom with a carpeted dressing
vanities with quartz countertops, and ci

The home is blurred out on Google Map

<u>Kilpatrick's wife gave birth to a baby boy</u> in June 2022 and last year announced they <u>were expecting a baby girl</u>.







# Exhibit H

Case 2:22-mc-51143-NGE-EGBeaDineDeroit | 23e-Payolk99me KilpatelockEhflerad08/21/24 onald Pragpe 58 of 59



×

Search Deadline Detroit

Home

Articles

Deadline Tv

Detroit Digest

Craig Fahle

Charlie LeDuff

About

Contact

Advertise With Us

Privacy

Terms




Get our newsletter
June 20, 2024 | 78° F
Clear



Search
Sponsored by:

Politics

# Ex-Detroit Mayor Kwame Kilpatrick Endorses Donald Trump

Post    Share

June 15, 2024, 7:15 PM



Former Detroit Mayor Kwame Kilpatrick, who was released early from federal prison by then-President Donald Trump, has formally endorsed Trump, the Detroit News reports.

The Trump campaign announced the endorsement on Saturday before Trump's appearance at the 180 Church on Detroit's west side.

The endorsement comes as no real surprise since Kilpatrick has expressed deep gratitude to Trump, who commuted his sentence to time served in January 2021. Kilpatrick served nearly eight of. a 28 year sentence for public corruption.



Kwame Kilpatrick (Screenshot from Anton Daniels show)

In March, Kilpatrick, 53,  attended a Trump rally in Saginaw County, which could have been perceived as a clear sign that he was considering a formal endorsement.

In an interview with Deadline Detroit in January 2022 on Livernois in Detroit, Kilpatrick expressed his appreciation for Trump for commuting his sentence:

"Who could ever not be thankful for him being in that position at that time and for him helping me."

Trump was also scheduled to speak this weekend at the Huntingon Place where other featured speakers include Reps. Matt Gaetz and Marjorie Taylor Greene and Trump confidant Steve Bannon.