UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KWAME M. KILPATRICK,                        Case No. 22-mc-51143

        Defendant,                            Honorable Nancy G. Edmunds

and

MICHIGAN DEPARTMENT OF
TREASURY,

        Garnishee.
_____/

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTION TO GARNISHMENT [18], DENYING DEFENDANT'S REQUESTS FOR A HEARING [18][21], AND GRANTING THE GOVERNMENT'S MOTION FOR ORDER OF CONTINUING GARNISHMENT [23]**

This miscellaneous action was initiated due to the government's efforts to enforce the judgment entered against Defendant Kwame M. Kilpatrick in criminal case no. 10-20403. As a part of those efforts, the government filed an application for a writ of continuing garnishment against property in the possession of the Michigan Department of Treasury, Unclaimed Property, ("the garnishee") that it believed to be belonging to or due Defendant. (ECF No. 14.) The Clerk of Court issued the writ (ECF No. 16), and the garnishee filed an answer (ECF No. 19). According to the answer, the property at issue is cash in the amount of $6,704.07. (ECF No. 19, PageID.113.) The matter is before the Court on Defendant's objection to garnishment (ECF No. 18) and requests for a hearing (ECF Nos. 18, 21). The government argues that a hearing is not needed (ECF Nos. 20, 23) and seeks a final order of continuing garnishment (ECF No. 23). For the reasons

1

below, the Court OVERRULES Defendant's objection, DENIES Defendant's requests for a hearing, and GRANTS the government's motion for order of continuing garnishment.

I.     **Relevant Background**

A.     **Criminal Case**

After a jury found Defendant guilty of twenty-four of the thirty counts brought against him, the Court imposed a custodial sentence on Defendant and ordered him to pay $195,403.61 to the Internal Revenue Service and $4,584,423.00, jointly and severally with his co-defendant Bobby Ferguson, to the Detroit Water & Sewerage Department ("DWSD") for a total restitution obligation of $4,779,826.61. (Case No. 10-20403, ECF No. 516.) A special assessment in the amount of $2,400.00 was also ordered. (*Id.* at PageID.16453.) The Sixth Circuit affirmed Defendant's convictions and sentence, but it reversed the Court's restitution award against Defendant to DWSD. *See United States v. Kilpatrick*, 798 F.3d 365, 391 (6th Cir. 2015). On remand, the Court ordered Defendant to pay restitution to DWSD in the amount of $1,520,653.50. *United States v. Kilpatrick*, No. 10-20403, 2017 U.S. Dist. LEXIS 140562, at *1 (E.D. Mich. Aug. 31, 2017). The Court entered an amended judgment reflecting this award and a new total restitution obligation of $1,716,057.11. (Case No. 10-20403, ECF No. 617.) All other aspects of the judgment remained the same. *(See id.)* The Sixth Circuit affirmed the revised award. *United States v. Kilpatrick*, 749 F. App'x 442, 443 (6th Cir. 2018). In January of 2021, Defendant was granted clemency by the President of the United States and his sentence was commuted

to time served. (Case No. 10-20403, ECF No. 673.) The executive grant of clemency did not alter this Court's restitution order.[1] (*See id.*)

## B. Miscellaneous Case

The underlying writ of garnishment was sought by the government and issued by the Clerk of Court on February 23, 2024. (ECF Nos. 14, 16.) According to the certificate of service filed by the government, the application for a writ of garnishment, the Clerk's notice of garnishment, the request for hearing forms/notice of exemptions, and the certificate of service were mailed to Defendant on March 13, 2024. (ECF No. 17.) On March 25, 2024, Defendant filed his objection and first request for a hearing, stating that he had not been served with the writ and that he "may not owe" any debt.[2] (ECF No. 18.) The next day, the Michigan Treasury filed its answer. (ECF No. 19.) On April 12, 2024, the government filed its response in opposition to Defendant's objection, asserting that it had served Defendant at his last known address and had complied with all statutory requirements. (ECF No. 20.) The government noted that Defendant had "clearly obtained the garnishment documents given his request for a hearing" and, in any case, had not suffered any prejudice because his objection was not untimely. (*Id.* at PageID.128.)

On May 13, 2024, Defendant submitted his second filing, stating that he received the garnishment packet via mail on April 26, 2024, requesting a hearing, and asserting that he does not believe that the government has provided accurate information about the money owed and that he believes the property is exempt. (ECF No. 21.) Defendant also

---

[1] The grant of clemency cited the restitution obligation set forth in the original judgment, rather than the amount in the amended judgment, presumably in error.
[2] Defendant did not suggest that he had paid the amount owed but expressed uncertainty about how much credit he had received for payments made by his co-defendant Ferguson.

3

requested that this matter be transferred to Georgia, where he claims to reside. On August 21, 2024, the government brought its motion for final order of continuing garnishment. (ECF No. 23.) Defendant did not file a response to that motion.

## II. Analysis

The Mandatory Victim Restitution Act ("MVRA") makes restitution mandatory for certain crimes. 18 U.S.C. § 3663A. Section 3664(m)(1)(A) of the MVRA authorizes the United States to enforce an order of restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *See* 18 U.S.C. § 3613(a). The Federal Debt Collection Procedures Act ("FDCPA") sets forth the civil enforcement procedures used by the United States to recover monies owed under a restitution order. 28 U.S.C. § 3001(a)(1). Under the statute, the government may seek writs of garnishment against the debtor's property or non-exempt disposable earnings. *See* 28 U.S.C. § 3205(a).

### A. Defendant's Objection and Requests for a Hearing

As a general matter, a judgment debtor may ask the court to hold a garnishment hearing. *See* 28 U.S.C. § 3202(d). But in cases not involving a default judgment, the issues raised at such a hearing are limited to: "the probable validity of any claim of exemption by the judgment debtor" or "compliance with any statutory requirement for the issuance of the postjudgment remedy granted." *Id.* "As a result, courts have denied hearings where the debtor has not objected based on one of the issues listed in § 3202(d), where the objection is plainly without merit, or where the objection is simply a matter of statutory interpretation." *United States v. Bolds*, No. 06-15579, 2017 U.S. Dist. LEXIS 108533, at *2 (E.D. Mich. July 13, 2017) (citing *United States v. Miller*, 588 F. Supp. 2d

4

789, 797 (W.D. Mich. 2008)). Also, a debtor may file a written objection to an answer to a writ of garnishment and request a hearing within twenty days after receipt of the answer. *See* 28 U.S.C. § 3205(c)(5). The debtor "shall state the grounds for the objection and bear the burden of proving such grounds." *Id.* While § 3205(c)(5) does not limit the purposes of a hearing like § 3202(d) does, the court retains the discretion to decide whether the objection warrants a hearing. *See United States v. Campbell*, No. 16-51545, 2016 U.S. Dist. LEXIS 176440, at *6-7 (E.D. Mich. Dec. 21, 2016) (citations omitted).

Defendant primarily seeks an accounting of how much money he owes. In its response to his first filing, the government noted the amount it believed Defendant still owed, which varied from the balance listed in the underlying writ, but also indicated that it had been notified by the Clerk of Court that Defendant's record was being updated and stated that it would file a supplemental exhibit reflecting the current balance and payment history when it became available. Attached to the government's motion for final order of continuing garnishment is Defendant's payment history indicating that he has made payments in the amount of $9,099.81 ($6,699.81 applied to his restitution and $2,400.00 applied to his special assessment) and the case financial history indicating that he has received credit in the amount of $877,443.60 for money collected from his co-defendant, Mr. Ferguson.[3] (ECF No. 23, PageID.160, 162.) As of August 20, 2024, the outstanding amount owed by Defendant is $831,913.70. (*Id.*)

The records provided by the government address Defendant's concerns regarding the credit he received and the current balance of his restitution obligation. Thus, there is

---

[3] Defendants receive credit for payments made by co-defendants on a pro-rata basis. The Clerk of Court recently updated the record to reflect the correct apportionment based on the amended judgment.

5

no need for a hearing to ascertain how much money Defendant owes.[4] *See United States v. Blythe*, 651 F. Supp. 3d 789, 791 (D. Md. 2023) (finding a request for an accounting "largely moot" where the government had provided payment history records in response to the motion). And while Defendant identifies the following categories of property that are exempt from garnishment: wearing apparel and school books; fuel, provisions, furniture, and personal effects; books and tools of a trade, business, or profession; and minimum exemptions for wages, salary, and other income, he does not show that the government has sought to garnish property under these categories or otherwise explain how the cash held by the Unclaimed Property division of the Michigan Treasury falls within these categories. Because Defendant's objection is "plainly without merit," *see Bolds*, 2017 U.S. Dist. LEXIS 108533, at *2 (citing *Miller*, 588 F. Supp. 2d at 797), the objection is overruled and Defendant's requests for a hearing are denied.

### B. Defendant's Request to Transfer

A writ may be enforced by the court issuing the writ, regardless of where the debtor is served. *See* 28 U.S.C. § 3004(b)(1)(B). However, if the debtor files a request within twenty days after receiving notice of the writ, "the action or proceeding in which the writ, order, or judgment was issued shall be transferred to the district court for the district in which the debtor resides." § 3004(b)(2).

---

[4] To the extent Defendant's assertions may be read as a general objection to the restitution order, "[a]n attack on a restitution recalculation or obligation by means of an objection to garnishment is an impermissible route to collaterally attack the judgment." *See United States v. Whitt*, No. 11-50395, 2011 U.S. Dist. LEXIS 103153, at *1-2 (E.D. Mich. Sept. 13, 2011).

6

The Court does not find that Defendant is entitled to a transfer. First, Defendant's request to transfer was not filed within twenty days after receiving notice of the writ.[5] Moreover, as the government notes, there is some uncertainty regarding whether Defendant continues to reside in Georgia, and even he has provided the Court with a Michigan mailing address. (*See, e.g.*, ECF No. 18, PageID.104.) And even if Defendant had made a timely request and could establish that he resides in Georgia, "'[t]he bulk of district courts that have considered the FDCPA's provision in collection cases *arising from a restitution order issued under the MVRA* have found that the transfer provision is not absolute.'"[6] *See United States v. Avery*, No. 18-mc-50256, 2024 U.S. Dist. LEXIS 102092, at *7 (E.D. Mich. June 7, 2024) (quoting *United States v. Castellano*, No. 01-CR-30042-DWD, 2022 U.S. Dist. LEXIS 88012, at *5 (S.D. Ill. May 16, 2022)) (emphasis in original). Another court in this district recently denied a similar request in part because a transfer would result in a waste of time and resources and because the defendant was ordered to pay restitution jointly and severally with a co-defendant who resides in this district. *See id.* at *10; *see also United States v. Poulsen*, No. 2:06-CR-129-ALM-1, 2010 U.S. Dist. LEXIS 54072, at *13-14 (S.D. Ohio May 3, 2010) (denying a motion to transfer in part because it "would create difficulties, as each judicial district would have to enforce, track and credit joint and several restitution"). The same concerns apply here. Because this

---

[5] While Defendant asserts in his second filing that he did not receive the papers by mail until April 26, 2024, he stated that he had "actual knowledge" of the proceedings in his first objection filed on March 25, 2024. (*See* ECF No. 18, PageID.99.)

[6] The Sixth Circuit has considered the FDCPA's statutory language regarding transfer in a case that did not involve the MVRA. *See United States v. Nash*, 175 F.3d 440, 442-44 (6th Cir. 1999) (finding the language mandatory but reasoning that the error in denying the motion to transfer was harmless because the "compelling reasons" for a transfer did not exist in that case).

7

Court is familiar with this case and is in the best position to handle post-judgment proceedings, Defendant's request to transfer is denied.

In sum, Defendant has not raised any issue that warrants further consideration regarding the writ issued to the Michigan Treasury. Because all statutory requirements have been met, the government is entitled to a final order of continuing garnishment.

### III.    Conclusion

For the foregoing reasons, Defendant's objection is OVERRULED, his requests for a hearing and transfer are DENIED, and the government's motion for final order of continuing garnishment is GRANTED.

SO ORDERED.

            s/Nancy G. Edmunds
            Nancy G. Edmunds
            United States District Judge

Dated: November 5, 2024