# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

CASE NO. #: 2:10-cr-20403-NGE-MKM-1

KWAME M. KILPATRICK,
Defendant-Petitioner.
_____/



FILED
DEC 19 2025
CLERK'S OFFICE
DETROIT

Assigned to: District Judge Nancy G. Edmunds

Case title: United States of America v. Kilpatrick et al

## MOTION TO STRIKE AND OBJECTION TO CONTINUING GARNISHMENT

**INTRODUCTION:**

On September 25, 2017, the District Court for the Eastern District of Michigan entered an amended criminal judgment against DEFENDANT (KILPATRICK) which included restitution in the amount of $1,716,057.11 and a special assessment of $2400.00.

There has been substantial compliance with the court's order for restitution. DEFENDANT has filed a motion to this court to "**MODIFY/TERMINATE RESTITUTION**" and now moves to **STRIKE AND OBJECT TO CONTINUING GARNISHMENT.**

## PRELIMINARY STATEMENT

On December 11, 2025, both an APPLICATION FOR WRIT OF CONTINUING GARNISHMENT and a WRIT OF CONTINUING GARNISHMENT were filed with the court. In those documents it states: "the outstanding balance is $823,681.18." Also, in a letter addressed to DEFENDANT dated December 12, 2025, from Jessica Nathan (Assistant United States Attorney for the Eastern District – Michigan) is states: "As of December 12, 2025, your outstanding balance is $823,681.18." (*DEFENDANT received the notice of these filings on December 16, 2025.*)

DEFENDANT has never seen this number before. Nor was it ever in any document, letter, communication. Nor has it ever been presented to DEFENDANT by the Federal Probation Department, the Clerk of the Federal Court, nor even the United States Justice Department at any

POOR QUALITY ORIGINAL

time. DEFENDANT personally went to the Federal Courthouse to personally make a restitution payment in 2023 *(while he was living in Georgia)* and the outstanding balance at that time was said to be just over $193,000. The figure $823,681.18 has never been the balance of outstanding restitution for the DEFENDANT.

The government began to place "court ordered holds" on personal and business accounts that were listed in their application immediately. DEFENDANT and his spouse have been unable to access their accounts since December 11th. DEFENDANT has been unable to pay for childcare, groceries, utility bills, car payments, educational and ministerial supplies, etc. As a matter of fact, DEFENDANT discovered that the accounts had been frozen when his wife attempted to pay the utility bills on Saturday, December 12.

In a letter dated **December 20, 2023**, signed by DAWN N. ISON (United States Attorney for the Eastern District – Michigan), and JESSICA A. NATHAN (Assistant United States Attorney for the Eastern District – Michigan) stated:

*"On September 25, 2017, a judgment imposing $1,716,057.11 in criminal restitution was imposed against you. Although former President Trump commuted your sentence; the restitution obligation remains…As of November 29, 2023, your outstanding restitution balance is $164,584.42."*

There has been substantial compliance with the court's order for restitution.

## DISCUSSION

Defendant has argued that there was "no loss" in the underlying criminal case since 2012 during the trial. The original arbitrary restitution amount that the government used was $9.6 Million. While the Court stated at sentencing that it thought that the $9,654,553 figure was "defensible" (R492, Pg ID 16165-16167), it ultimately concluded that the value of the benefit received for the guidelines purposes was $4,584,423. The Court reached this figure by adopting the PSR's conclusion that Bobby Ferguson received "10% profit." The "10%Profit" was not expressed in any testimony or any other evidence at trial, nor was there any document produced, at any time, that agreed with this "10% profit" analysis or figure. As a matter of fact, a 10% profit for this type of job is completely unreasonable.
Because this determination was used only for guidelines analysis, the Court was only required to find that the Government met its burden to establish support by a preponderance of the evidence and not beyond a reasonable doubt.

In Defendants initial appeal to the Sixth Circuit, DEFENDANT argued that there was "no loss" whatsoever in the criminal case. And, that this 10% Profit analysis was flawed. The appellate court agreed and overturned the restitution amount completely and sent the matter back to the trial court.
The government then defined the "loss" in this case as a single contract related to the Detroit Water and Sewage Department (DWSD) Macomb County Interceptor construction project. The

definition the government used was that the DWSD had to pay **($1,520,653.50)** more for the cost of the performance of the $56 Million project, because DEFENDANT and his Co-Defendant Bobby Ferguson used and "intricate scheme" for the purposes of assuring Ferguson Enterprises would be a sub-contractor on the project.

*(The Macomb County Interceptor project was an award-winning emergency DWSD contract completed earlier than scheduled and was lauded by contractors and public officials for its coordination and performance thereof. DEFENDANT KILPATRICK was invited to speak at the Macomb County Board of Commissioners meeting and was honored for the implementation, completion and excellence of this Project.)*

After a request from the government and presentation of the new definition of "loss" in this case, the trial court set the restitution amount at **$1,520,653.50**.

In 2023, DEFENDANT received two separate letters from the United States Department of Justice. Both signed by DAWN N. ISON (United States Attorney for the Eastern District – Michigan), and JESSICA A. NATHAN (Assistant United States Attorney for the Eastern District – Michigan).
In the first letter the Government wrote that the "outstanding balance" of the restitution was $193k.
In the second letter (months later) in December of that same year, the Government wrote that the "outstanding balance" of the restitution was **$164,584,42**. *(Exhibit 1)*

*(This reduced number was produced after subtracting cash payments that DEFENDANT made towards his restitution during his time of incarceration and while under Federal Probation Department Supervision)*

On January 19, 2025, Alex Moody, U.S. Probation Officer – Northern District of Georgia wrote an email to DEFENDANT; "I am writing to confirm you have completed your three-year term of supervised release. The restitution balance of $164,434.42 is still owed and the U.S. Attorney's Office will assume the responsibility of collecting the balance." *(Exhibit 2)*

Between January 20, 2025, and December 1, 2025, more than $11,000 has been paid towards the balance of $164,434.42. *(Defendant has called the Financial Services Division for an up-to-date balance of the outstanding restitution and nobody answers the phone.)*

DEFENDANT questions how the outstanding restitution was $164,434.42 in January of this year. The outstanding restitution balance was reduced by nearly $12000 during 2025, but on December 11, 2025, the amount of outstanding restitution is now well over $800k. The Government has not explained this discrepancy in any of their filings or media releases.

DEFENDANT has argued that the Amended Order of Forfeiture in this case has in-fact become final and assets have been liquidated. There are also seized liquid assets as well under the forfeiture order. These liquidated and liquid amounts should be applied as a credit against the amount that Mr. Kilpatrick owes on the $1,716,057.11 money judgment. Heretofore, approximately $1,522,057.11 of the $3,655,625.14 of the liquidated assets and/or seized liquid

③

assets have been applied as a credit to defendant KILPATRICK'S outstanding restitution obligation.

Per the Court's Judgment and Order, all these liquidated assets and seized liquid assets should be applied. The final liquidated and liquid asset amounts total more than both the outstanding restitution obligation in the Court's Judgment Order *(September 25, 2017)*. Also, the final liquidated and liquid asset amounts total more than the adjusted outstanding restitution obligation in the United States Attorney Office of December 11, 2025. When the liquidated and liquid asset amounts are properly applied to the outstanding restitution balance for KILPATRICK the debt will be completely paid in-full. Therefore, Mr. Kilpatrick's money judgment in this case has been satisfied.

**If the liquidated assets from forfeiture are not enough to pay the entire debt as I firmly believe it to be, then I am willing to continue to pay the remaining balance of restitution. I request the Court to allow for monthly payments so that I can live and take care of my family.
When garnishments for all my assets are implemented, I have no funds or means to live.**

Although the Government filed its writ to this court on December 11th, it moved to freeze and put holds on personal and business accounts on both DEFENDANT and his spouse immediately.

This has caused great harm to DEFENDANT'S family. They have been unable to access their accounts and pay for groceries, early-childhood education tuition (for 2-years old & 3-years old), childcare supplies (diapers, pullups, etc.), high-school tuition (15yr old), education & ministerial equipment and supplies, home utilities, vehicles, gasoline, and the like. Its cruel, arbitrary, and has had a deleterious effect on any form of justice for anyone.
Also, after spending the past 4-years building credit, paying my bills, this action has forced late and even missed payments for the month of December already.

DEFENDANT has filed a Motion before the court. Because of the substantial reductions of the outstanding balance of restitution moving from $9.6 Million to $164,434.42. And the lack of clarity, notice, service, context, and information provided by the Government related to this new (first-time) amount of outstanding restitution $823, 681.18. And also because DEDFENDANT is willing to cooperate fully with the court and the Government to resolve any and all restitution issues, DEFENDANT **moves to STRIKE AND OBJECT TO CONTINUING GARNISHMENT.**

④

## *EXHIBITS*

-December 20, 2023, Government Letter on Outstanding Restitution Balance

-January 19, 2025, email from U.S. Probation Supervisor on Outstanding Restitution Balance

-IRS LETTER Closing their case against Defendant...Currently Not Collectible

- Legislative Retirement Frozen





**United States Department of Justice**

**United States Attorney's Office**
**Eastern District of Michigan**

Jessica A. Nathan
Assistant United States Attorney

211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Telephone: (313) 226-9643
Facsimile: (313) 226-3800
E-Mail: Jessica.Nathan@usdoj.gov

December 20, 2023

Mr. Kwame M. Kilpatrick
~~[redacted]~~
Griffin, GA 30223

Re: *United States v. Kwame M. Kilpatrick, et al.*
Criminal No. 10-cr-20403 (E.D. Mi.)
Name: Kwame M. Kilpatrick aka Kwame Malik Kilpatrick

Dear Mr. Kilpatrick,

On September 25, 2017, a judgment imposing $1,716,057.11 in criminal restitution was imposed against you. Although former President Trump commuted your sentence, the restitution obligation remains.

Prior to taking further enforcement action in the collection of your restitution as provided by the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, we invite you to communicate with our office concerning your current financial circumstances and payment of your outstanding restitution. Recent reports disclose you earn income through various speaking engagements, are the CEO of Movemental Ministries, and have recently taken on an Executive Director role with Taking Action for Good, a non-profit working in criminal justice reform. Financial forms have also been provided for completion through Probation Services.

As of November 29, 2023, your outstanding restitution balance is $164,584.42. Although [handwritten: "New Restitution Amount ← augro"] your term of supervised release is set to expire on January 19, 2024, any outstanding restitution will need to continue to be repaid until the balance is paid in full.

If we do not hear from you by Friday, January 19, 2024, our office will commence with its standard enforcement practices, including but not limited to, writs of garnishments, execution, and levy. If you have retained counsel for this matter, please forward this letter to your attorney. I can be reached directly at the above phone number or email.

[SIGNATURE ON NEXT PAGE]

6

Sincerely,

DAWN N. ISON
United States Attorney

By: s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney

cc:
Alexander Moody, United States Probation Office

Mr. Kilpatrick,

I am writing to confirm you have completed your three-year term of supervised release. The restitution balance of $164,434.42 is still owed and the U.S. Attorney's Office will assume the responsibility of collecting the balance.

Should you have any questions, do not hesitate to contact me.

We wish the best in your future endeavors.

Regards,

Alex Moody
Sr. U.S. Probation Officer
Northern District of Georgia
404-215-1945



```
IRS  Department of the Treasury
     Internal Revenue Service
     PO Box 42346                           In reply refer to:
     Philadelphia PA 19101-2346             Sep. 14, 2022  LTR 4624C   0
                                            xxx-xx-xxxx    200312 31
                                                                      0
                                                          BODC: SB
```

KWAME M KILPATRICK

014274

Taxpayer identification
number:
Form: 1040
Tax periods: Dec. 31, 2003  Dec. 31, 2004  Dec. 31, 2005
             Dec. 31, 2006  Dec. 31, 2007  Dec. 31, 2008

Dear Taxpayer:

Thank you for your correspondence dated Aug. 23, 2022, about the unpaid balance for the tax periods above.

**Case Closed — Currently Not Collectible**

We temporarily closed your collection case for the tax periods above because we determined that you can't pay the money you owe at this time.

However, you still owe $636,506.80 to the IRS for the tax periods above. This amount includes applicable penalties and interest calculated to Sep. 28, 2022. You'll receive annual reminder notices, and we'll continue to charge applicable penalties and interest until you pay the amount you owe in full. In addition, we'll apply your future federal refunds to the amount you owe, and your state tax refunds may be subject to levy under the State Income Tax Levy program (SITLP).

You must file all future tax returns and pay any amounts you owe on time. You can also minimize additional penalties and interest by making voluntary payments towards the amount you owe. If your financial situation improves in the future, we may re-open your case and resume collection activities.

For more information on penalties and interest, you can review Notice 746, Information About Your Notice, Penalty, and Interest. You can get Notice 746 by visiting our website at www.irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

**HOW TO PAY FEDERAL TAX**

Federal income tax is a pay-as-you-go tax. You must pay the tax as



Sep. 14, 2022 LTR 4624C 0
***-**-**** 200312 31

KWAME M KILPATRICK

you earn or receive income during the year in one of three ways:

1. Withholding – If you're an employee, your employer will withhold income tax from your pay. Payers also withhold from other types of income, including pensions, bonuses, commissions, and gambling winnings. In each case, the amount withheld is paid to the United States Treasury in your name.

   If you had too little tax withheld from your wages, you should give your employer a new Form W-4, Employee's Withholding Allowance Certificate, to increase the amount of withholding.

2. Estimated tax payments – If you don't pay your tax through withholding, or don't pay enough, you might have to pay estimated tax. People who are in business for themselves generally pay their tax this way. They generally have to pay self-employment tax also.

   If you need more information about changing your Form W-4 or making estimated tax payments, let us know. Publication 505, Tax Withholding and Estimated Tax, explains both of these methods in detail.

3. Federal tax deposits – If you have employees, you may be required to make federal tax deposits for employment taxes. As an employer, you must withhold federal income tax, Social Security and Medicare taxes, and Federal Unemployment Tax Act (FUTA) taxes. Employers required to make deposits must deposit through electronic funds transfers such as the Electronic Federal Tax Payment System (EFTPS).

   If you need more information about making federal tax deposits, let us know. Publication 15, Circular E, Employer's Tax Guide, and Publication 15-A, Employer's Supplemental Tax Guide, explain in detail an employer's responsibility. You can also visit www.EFTPS.gov or call EFTPS customer service at 800-316-6541 (individual) or 800-555-4477 (business).

If you have questions, call us at 800-829-0922. For general information, you can also visit our website at www.irs.gov.

If you're out of the country and need assistance, call us at +1-267-941-1000 (not toll-free).

If you prefer, you can write to us at the address at the top of this letter.



LORIE BLUNDY
INTERIM DIRECTOR





**STATE OF MICHIGAN**
**LEGISLATIVE RETIREMENT SYSTEM**
P.O. BOX 30014
LANSING, MICHIGAN
48909-7514

December 15, 2025

The Honorable Kwame Kilpatrick

Dear Mr. Kilpatrick:

The Legislative Retirement System (LRS) received a letter from the United States Department of Justice (DOJ), United States Attorney's Office. We were required to suspend your pension benefit effective December 15, 2025.

Pension payroll was already closed when we received the letter from the DOJ, therefore you will still receive the December 18, 2025, pension benefit.

I will let you know as we receive any information regarding your pension benefit. Your healthcare has not changed.

Please contact me at (517) 373-0575 or lblundy@house.mi.gov if you have any questions.

Sincerely,

Lorie Blundy

Lorie Blundy, Interim Director
Legislative Retirement System