## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            Plaintiff,                    Case No.: 2:22-MC-51143

v                                      Hon. Nancy G. Edmunds

KWAME M. KILPATRICK,

            Defendant.

_____/

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND OBJECTION TO GARNISHMENT [ECF NO. 34]

COMES NOW, the United States of America, Plaintiff, pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act ("FDCPA"), in opposition to the Defendant-Judgment Debtor, Kwame M. Kilpatrick's Motion to Strike and Objection to Continuing Garnishment ("Motion and Objection"). ECF No. 34. The Court should deny and/or strike Kilpatrick's Motion and Objection pursuant to L.R. 7.1(a) and (i), and because Kilpatrick's Motion and Objection fail to meet the requirements of a Rule 12(f) motion or a 28 U.S.C. § 3202(d) Objection to Garnishment.

Kilpatrick's Amended Judgment imposed criminal restitution in the amount of $1,718,457.11, and the outstanding balance as of December 29, 2025, is: **$823,681.18**. *See United States v. Kilpatrick, etal*, 10CR20403 01, ECF No. 617 (referred to as

"*Kilpatrick Criminal Case*"). Interest is not accruing on the debt. *Id*. Pursuant to 18 U.S.C. § 3612, payments have been applied first to Kilpatrick's special assessment, then restitution to the victim. Kilpatrick has paid the individual amount of $16,853.88 towards his debt ($2,400.00 towards the special assessment and $14,453.88 towards the restitution). Kilpatrick has also been credited for payments received by his co-defendants totaling $877,922.05 who share joint and several liability under 18 U.S.C. § 3664(h). Amounts credited from Kilpatrick's co-defendants include funds restored by the government which were previously forfeited. No additional forfeiture funds remain pending credit to Kilpatrick's debt balance. Additional breakdown and explanation of Kilpatrick's restitution balance is provided in the attached brief.

From January of 2014 to January of 2024, while Kilpatrick was either incarcerated or subject to supervision by a Probation Officer, Kilpatrick maintained a minimal payment schedule towards his restitution (from $25.00 to $180.00 a month). Once off supervision, Kilpatrick stopped making any attempts to pay his restitution. Kilpatrick's Motion and Objection even maintain his position that his victim suffered "no loss," and the conduct underlying his criminal convictions was in fact "award-winning" rather than evidence of his numerous felonies involving racketeering, extortion, bribery, mail fraud, wire fraud, and more. *Compare*

*Kilpatrick Criminal Case*, ECF No. 617, at PageID.17679-81 to Motion and Objection, ECF No. 34, at PageID.308-09.

The United States subsequently commenced enforcement, and has continued to enforce, against Kilpatrick's known non-exempt assets available to satisfy his outstanding restitution. Although styled a "Motion to Strike," Kilpatrick makes no reference to Fed. R. Civ. P. 12(f) or identifies how any of the government writs contain any prohibited material within Rule 12(f). Similarly, although styled as an "Objection to Continuing Garnishment," Kilpatrick fails to identify any exemption, or offer any support for an exemption to the garnished property. A brief in further support of this response is attached hereto.

Therefore, the Court should deny and/or strike Kilpatrick's Motion and Objection, and due to the varying deadlines of each writ of garnishment, and Kilpatrick's failure to properly object or comply with the local rules, the United States will submit the appropriate motion and proposed order to pay for each garnishment via ECF Utilities at the designated time.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

3

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Date: January 2, 2026                    Bar No.: (TX 24090291)

## CERTIFICATE OF SERVICE

I, Jessica A. Nathan, Assistant United States Attorney for the Eastern District of Michigan, do hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically notice counsel of record.

I further certify that I have mailed the foregoing document, by United States Postal Service, to the following non-CM/ECF participants, utilizing the last known address available to the United States Attorney's Office for the Eastern District of Michigan.

Kwame M. Kilpatrick
XXXX
Northville, MI XXXXX
*Defendant-Judgment Debtor*

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Date: January 2, 2026          Bar No.: (TX 24090291)

# Exhibit A

OAKLAND COUNTY TREASURERS CERTIFICATE
This is to certify that there are no delinquent property
taxes as of this date owed to our office on this property.
No representation is made as to the status of any taxes,
tax liens or titles owed to any other entities.

## 12/20/2023

ROBERT WITTENBERG, County Treasurer
5.00    Sec. 135, Act 206, 1893 as amended    MIT

12/20/2023  1:51:38 PM    Receipt #000107378
$26.00    Misc Recording
$4.00    Remonumentation
$5.00    Automation
$6,940.20    Transfer Tax
PAID RECORDED - Oakland County, MI e-recorded
Lisa Brown, Clerk/Register of Deeds

  

STATE OF MICHIGAN
Oakland
12/20/2023
000107378

REAL ESTATE TRANSFER TAX
$887.70    :00
$6,052.50    :ST
1394686

# WARRANTY DEED

## Statutory Form

KNOW ALL MEN BY THESE PRESENTS:

That, **Ehsan Kalami and Nasrin Kalami, husband and wife,** Grantor(s)
Whose address is:**PO Box 414, Roseville, CA 95678-0414**

Conveys and Warrants to **Pathfinder Consulting Firm, LLC, a Michigan Limited Liability Company.**
Grantee(s)
Whose address is: **506 Inkberry Drive, Griffin, GA 30223**

**Property 1:**
**Land situated in the City of Novi, Oakland County, Michigan, described as:**

**Lot 5, Southwyck of Novi Subdivision, according to the plat thereof as recorded in Liber 233, Page(s) 23 through 26, both inclusive, of Plats, Oakland County Records.**

More commonly known as **Property 1:**
**22470 Southwyck Court**
**Novi, MI 48374**
Parcel ID No.: **Property 1:**
**50-22-28-351-005**

For the full consideration of **EIGHT HUNDRED SEVEN THOUSAND AND 00/100 ($807,000.00).**

Subject to existing building and use restrictions, easements, and zoning ordinances, if any.

Effective Date: **December 13, 2023**

Signed & Sealed:

*Ehsan Kalami*

**Ehsan Kalami**

*Nasrin Kalami*

**Nasrin Kalami**

STATE OF _California_

COUNTY OF _Placer_

The foregoing instrument was acknowledged before me this ~~13th~~ 11th day of December, 2023 by **Ehsan Kalami and Nasrin Kalami, husband and wife**. (RK)

_Rajbir Kaur_, Notary Public
_Placer_ County,
My commission expires: _Sep, 30, 2026_
Acting in _Placer_ County

RAJBIR KAUR
COMM. # 2418943
NOTARY PUBLIC · CALIFORNIA
SANTA CLARA COUNTY
COMM. EXPIRES SEPT. 30, 2026

Drafted by:
**Ehsan Kalami**
22470 Southwyck Ct.
Novi, MI 48374

Return to:
**Pathfinder Consulting Firm, LLC, a Michigan Limited Liability Company**
~~506 Inkberry Dr.~~
~~Griffin, GA 30223~~
28401 Mound Rd #1533
Warren, MI 48090

Page ~~8~~ of ~~8~~
2      2

C0527-9728  08/06/2025  Received by Michigan Corporations Division

27378184

## STATE OF MICHIGAN
**LARA**
LICENSING AND REGULATORY AFFAIRS

**CSCL/CD- 2700 - DOMESTIC LIMITED LIABILITY COMPANY ANNUAL STATEMENT**

Corporations Division Administrator

**FILED**

Doc #: 27378184
Filed Date: 8/6/2025

---

DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS LIMITED LIABILITY COMPANY ANNUAL STATEMENT

*Required by Section 207, Act 23, Public Act of 1993*

Limited Liability Company Information

The present name of the limited liability company is: PATHFINDER CONSULTING FIRM, LLC

The identification number assigned by the Bureau is: 802135171

Filing Year 2025

The name of the resident agent at the registered office is:
LATICIA KILPATRICK

Address
28401 MOUND RD, SUITE 1533, WARREN, MI 48090

Mailing Address
28401 MOUND RD., 1533, WARREN, MI 48090

Attestations

☒ I understand that the information I enter into the online system is public information and will appear online and on copy requests exactly as I enter it into the system.

☒ I have been authorized by the business entity to file this document online.

☒ I, HEREBY SWEAR AND/OR AFFIRM, under penalty of law, including criminal prosecution, that the facts contained in this document are true. I certify that I am signing this document as the person(s) whose signature is required, or as an agent of the person(s) whose signature is required, who has authorized me to place his/her signature on this document.

Signature

| *Self* | *LaTicia Kilpatrick* | *08/06/2025* |
|---|---|---|
| Signer's Capacity | Sign Here | Date |

# Exhibit B

FINANCIAL REPORTING NOTES:

1) My salary was $10000 per month from September 15, 2023 until January 1, 2024. I will no longer be under contract with TAKING ACTION FOR GOOD after January 31st. I am currently working with the organization on a long-term contract and simultaneously seeking other opportunities.

2) My spouse has not earned any income since July of 2022.

   a. She does own a home in Detroit, Michigan. She has owned the home for more than 11 years. She has no mortgage or outstanding loans on the property.

3) I don't pay any household bills. I do pay for groceries, basic repairs, supplies and some medical necessities for my Mom. I also pay for basic childcare, childcare supplies, toys and equipment. I receive assistance from family and friends for this.

Kwame Kilpatrick

January 8, 2024

# Exhibit C

FILED UNDER SEAL

# Exhibit D

FILED UNDER SEAL

FILED UNDER SEAL

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                    Case No.: 2:22-MC-51143

v                                     Hon. Nancy G. Edmunds

KWAME M. KILPATRICK,

       Defendant.

_____/

## BRIEF IN SUPPORT OF UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE AND OBJECTION TO GARNISHMENT [ECF NO. 34]

The following brief is filed in support of the United States' Response in Opposition to Defendant's Motion to Strike and Objection to Garnishment ("Motion and Objection"). ECF No. 34.

## RELEVANT BACKGROUND

The Court is already well-versed in the related criminal case background of the Defendant-Judgment Debtor, Kwame M. Kilpatrick (*United States v. Kilpatrick, et al*, 10CR20403 01 (referred to as "*Kilpatrick Criminal Case*"), and the instant miscellaneous matter related to the enforcement of the amended criminal restitution amount imposed ($1,718,457.11). *See* ECF No. 24, at PageID.202-04. Kilpatrick's restitution balance as of January 2, 2026, is **$823,681.18**.

Pursuant to 18 U.S.C. § 3612, the Clerk of the Court is the official recordkeeper

of unpaid fines or restitution and the Attorney General is responsible for their collection. Kilpatrick's restitution balance has been verified with the Clerk of the Court for the Eastern District of Michigan.

On November 17, 2023, the Financial Litigation Program for the United States Attorney's Office for the Eastern District of Michigan ("USAO") communicated with Kilpatrick's supervising officer in the Northern District of Georgia. The USAO was seeking information concerning Kilpatrick's current financial circumstances and provided a restitution balance of $164,734.42. However, the USAO cautioned the central collection system was in the process of resetting and the figure was unverified. From mid-November of 2023 to mid-January of 2024, the USAO and Kilpatrick's probation officer were frustrated in learning of Kilpatrick's financial circumstances. A warning letter was sent to Kilpatrick to make payment arrangements to avoid enforcement action.

Unbeknownst to the USAO, on or about December 13, 2023, Kilpatrick's spouse, through the Michigan limited liability company, Pathfinder Consulting Firm, LLC, purchased a residential property in Novi, Michigan, for $807,000.00. *See* **Exhibit A** - Property Deed and Company Association. On or about January 18, 2024, Kilpatrick provided a partially completed financial disclosure to the USAO and his probation officer. The disclosure was not signed under penalty of perjury. Kilpatrick claimed to have earned $10,000.00 a month up until January of 2024, claimed his

spouse had not earned any income since July of 2022, that he did not pay any household bills, and relied on the assistance of family and friends to pay for groceries, basics, and other necessities for his mother. *See* **Exhibit B**, attached.

The USAO conducted its own investigation and was notified by others that Kilpatrick was receiving large payments and soliciting "donations" for his lifestyle, was selling books and services online, and had obtained a new Ford F-150 Platinum and other vehicles allegedly paid in full by his mother. Once Kilpatrick was no longer on supervised release he ceased making restitution payments, and when the USAO discovered Kilpatrick's unclaimed property with the State of Michigan Treasury it commenced garnishment proceedings. ECF No. 16. Kilpatrick opposed the USAO's garnishment, claiming, like now, that he does not owe the debt. ECF No. 21, at PageID.136 ("I don't believe I owe the Government any monies."). *Id*.

On November 24, 2024, the Court found there was no need for a hearing on Kilpatrick's concerns "regarding the credit he received and the current balance of his restitution obligation" because the USAO had provided Kilpatrick's payment history indicating Kilpatrick's payments and credits received from his co-defendant, Ferguson. ECF No. 24, at PageID.205-06. Attached as **Exhibit C** and **D** are updated payments histories reflecting Kilpatrick's individual payment history and detailed payment history evidencing his receipt of partial credit from his co-defendant's payments and support the balance the government now seeks to collect. Kilpatrick's

last *voluntary* payment was March 19, 2024, in the amount of $150.00.

On December 8, 2025, Kilpatrick filed a pleading styled "*Motion to Modify/Terminate Restitution*," but the introductory relief requested seeks termination of supervised release and permission to travel, citing 18 U.S.C. § 3583(e)(1). ECF No. 722. Kilpatrick goes on to discuss his co-defendant, Bobby W. Ferguson, and their joint and several restitution judgments and their joint and several forfeiture money judgments. *Id*., at PageID.1941-45. Kilpatrick confuses the application of seized assets for forfeiture from Ferguson and their credit to Kilpatrick's restitution balance. Kilpatrick ultimately argues all of Ferguson's seized and forfeited assets should be credited to Kilpatrick's restitution balance; therefore, satisfying Kilpatrick's restitution in full. *Id*. Kilpatrick makes the same argument in his Motion and Objection with reference to his "Motion", claiming his co-defendant's forfeited assets should be credited to his restitution balance to effectively pay in full his debt. ECF No. 34, at PageID.310.

The USAO has identified numerous potential nonexempt assets available to satisfy Kilpatrick's outstanding restitution. *See* ECF No. 25-32. Pending the garnishees' answers and any other objections by Kilpatrick, the USAO will utilize the FDCPA to calculate the amount of any nonexempt asset available to satisfy Kilpatrick's restitution. As the Court held in its November 5, 2024, Order (ECF No. 24), the Court should find Kilpatrick has not raised any issues that warrant

consideration regarding the writs issued and should strike and/or deny Kilpatrick's Motion and Objection because: 1) the Objection does not claim any issue found within § 3202(d) of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001, *et seq.*; 2) the Motion fails to meet the requirements of Fed. R. Civ. P. 12(f); 3) even if the Court were to entertain Kilpatrick's request, the issue of forfeiture credit to restitution debt is beyond the authority of this Court and the USAO; and 4) the pleading does not comply with the Local Rules.

## AUTHORITY

The Mandatory Victims Restitution Act, 18 U.S.C. § 3663, *et seq*. ("MVRA") governed sentencing in Kilpatrick's case. Pursuant to 18 U.S.C. § 3613(f), the FDCPA applies to orders of restitution and expressly provides that the government may enforce its judgment against all nonexempt property of a defendant. 18 U.S.C. § 3613(a)(1). Therefore, the United States may enforce a judgment for restitution through garnishment after complying with the statutory prerequisites of 28 U.S.C. §§ 3202 and 3205.

Under 28 U.S.C. § 3202(d), a judgment debtor has 20 days after receiving the notice described in § 3202(b) (the notice of enforcement), to request a hearing to quash a garnishment or order granting a remedy under § 3202. The FDCPA is specific and limited concerning available grounds for objection to a garnishment and the valid exemptions a judgment debtor can claim. In particular, the issues at a hearing are

limited under 28 U.S.C. § 3202(d) to: (1) whether the defendant states a valid claim for exemption; (2) whether the government complied with the statutory prerequisites, and; (3) if the judgment is by default, the probable validity of the claim for the debt and any good cause for setting aside the judgment. The party objecting bears the burden of proving such grounds. 28 U.S.C. § 3205(c)(5).

In the instant case, Kilpatrick appears to have filed a general objection to the enforcement action as no individual garnishee answers have yet been received, and again arguing satisfaction of the debt, this time by a different calculation methodology. ECF No. 34. The Court should deny Kilpatrick's objections to the writs pursuant to 28 U.S.C. § 3202(d).

## ISSUES

### A. Objections to a garnishment are limited under § 3202(d).

The United States has complied with the statutory requirements of the FDCPA for garnishment. Specifically, the United State included in its application for Writ of Garnishment: the Judgment Debtor's name, social security number, and last known address; the nature and amount of the debt owed and the facts that no less than 30 days has elapsed since demand on the Judgment Debtor has not paid the amount due; and that the garnishee is believed to have possession of property in which the Judgment Debtor has a substantial nonexempt interest. *See* 28 U.S.C. § 3205(b)(1)(A)-(C).

The United States did not seek garnishment until 30 days after it made demand

upon Kilpatrick for payment of his debt. Due to the intervening holidays, the executed writs were received not received and processed by the USAO until January 2, 2026, but have been summarily served on all garnishees and Kilpatrick. *See* ECF No. 36 - 41. Kilpatrick will have additional opportunities to object to the garnishees' answers upon receipt. *See* 28 U.S.C. § 3205(c)(5) ("Within 20 days after receipt of the answer, the judgment debtor or the United States may file a written objection to the answer and request a hearing.").

Kilpatrick's instant objection fails to articulate any applicable objection based on the issues listed at 28 U.S.C. § 3202(d), therefore, the Court should deny the objection.

**B. Kilpatrick fails to cite any Rule 12(f) material to strike.**

The Court has discretion to strike any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court also has discretion to strike a filing for failure to comply with Local Rules. *See Ordos City Hawtai Autobody Co., Ltd. v. Dimond Rigging Co., LLC*, 695 F. App'x 864, 870–72 (6th Cir. 2017) (affirming striking of response brief).

Although Kilpatrick's pleading is styled as a "Motion to Strike," it fails to cite any authority or identify any content within the Government's pleadings necessitating the Court to strike the Government's pleadings. Therefore, the Court should deny Kilpatrick's "motion to strike".

**C. Under 18 U.S.C. § 981(e)(6), only the Attorney General has the authority to direct forfeited funds to decrease restitution orders.**

Even if the Court were to consider entertaining Kilpatrick's proposed method to calculate his outstanding restitution, the Court should find it lacks the ability to apply one defendant's forfeited property to another defendant's restitution balance because the Attorney General has complete discretion as to the appropriate disposition of forfeited property.

Kilpatrick's Amended Judgment imposed restitution in the amount of $1,716,057.11. *Kilpatrick Criminal Case*, ECF No. 617, at PageID.17686. The restitution amount is joint and several with Ferguson up to $1,520,653.50. Kilpatrick's restitution judgment is separate and distinct from his forfeiture money judgment. A forfeiture money judgment in the amount of $1,520,653.50 was imposed against Kilpatrick. *Id.*, at PageID.17689. The forfeiture money judgment was ordered joint and several with Ferguson. *Id.*[1] In accordance with the judgment, Kilpatrick has received credit for forfeited assets from Ferguson totaling $1,520,653.50, paying in full Kilpatrick's forfeiture money judgment.

---

[1] Ferguson's Judgment was amended on April 29, 2021. *See United States v. Ferguson*, 2:10-cr-20403 002, ECF No. 683. Restitution in the amount of $6,284,000.00 was imposed and ordered joint and several up to $4,534,423.00. *Id.*, at PageID.18851 and 18853. Assets were included for forfeiture in the Amended Judgment, and a forfeiture money judgment in the amount of $6,284,000.00 was imposed against Ferguson. *Id.*, at PageID.18858. Ferguson's forfeiture money judgment was ordered joint and several with his co-defendant, Kilpatrick. *Id.*

The USAO applied for restoration of the seized property once Ferguson's forfeiture was complete.[2] Because restoration decisions must be approved by the Money Laundering, Narcotics and Forfeiture Section ("MNF") of the Department of Justice, a USAO or court may not unilaterally direct forfeited assets to be applied to restitution or decrease restitution orders by the value of forfeited assets.[3] *See Alalade*, 204 F.3d at 540; *United States v. Yeh*, 199 F. Supp.3d 998, 1002 (E.D. Va. Aug. 9, 2016). Stated alternatively, the acts of requesting restoration and granting restoration requests are acts of grace by the sovereign, the United States.

The USAO's restoration request for Ferguson's seized property was granted on March 1, 2022. Seized and liquidated property funds were credited directly to Ferguson's restitution balance, and as joint and several debtors, Kilpatrick received credit for a portion of Ferguson's restored funds against his restitution balance in the amount of $877,379.42 (more than 50% of Kilpatrick's debt). Funds were then forwarded to the victim in Kilpatrick's case. Kilpatrick has also continued to receive a

---

[2] Restoration is a process used when the Attorney General or his or her designee, at the request of a USAO, authorizes the use of forfeited funds to pay restitution to the victim of a criminal offense. Restoration requests are at the discretion of the individual USAO. The USAO may "recommend" that forfeited funds be applied to restitution, but final decisions rests with the Attorney General. *See also United States v. Gonzales-Torres,* 656 Fed. Appx. 844 (9th Cir. 2016) (The Attorney General not the court, has the authority to transfer forfeited funds to compensate victims); 18 U.S.C. § 981(e)(6).

[3] MNF was formerly known as the Money Laundering and Asset Recovery Section Asset Forfeiture and Money Laundering Section but was renamed to the Money Laundering, Narcotics and Forfeiture Section.

portion of credit from each payment made by Ferguson. *See* **Exhibit D**.

As outlined, Kilpatrick's forfeiture and restitution judgments are separate and distinct, but assets forfeited by Ferguson that could be, have been, restored or otherwise applied to Kilpatrick's restitution debt in the amount of $877,379.42. Absent Ferguson's seized and forfeited assets, and restitution payments, Kilpatrick has only individually paid $7,254.31 towards his restitution (the $16,853.88 credited to Kilpatrick consists largely of a $2,400.00 special assessment payment and the $7,199.57 resulting from the Government's recent garnishment efforts). The USAO has performed accounting in both Ferguson's and Kilpatrick's cases, and their respective restitution balances have been verified with the Clerk of the Court after crediting each debt with appropriate share of Ferguson's forfeited property after the grant of restoration. No property or funds were forfeited in Kilpatrick's case; therefore, a grant of restoration was not made. "[T]he plain language of the [MVRA] did not grant the district court discretion to reduce the amount of restitution required to be ordered by any amount equal to the value of the property seized from the defendant and retained by the government in administrative forfeiture." *United States v. Bazzi*, No. 15-20555, 2018 U.S. Dist. LEXIS 186814, at *2 (E.D. Mich. Oct. 31, 2018) (quoting *United States v. McGinty*, 610 F.3d 1242, 1247-48 (10th Cir. 2010)). Such authority lies exclusively with the Attorney General. *United States v. Galemmo*, No. 1:13-CR-141, 2014 U.S. Dist. LEXIS 176792, at *17 (S.D. Ohio Dec. 23, 2014)

("The Attorney General—not the Court—has complete discretion as to the appropriate disposition of forfeited property."). The Court should thus deny Kilpatrick's request for relief concerning the calculation of his balance through the use of his co-defendant's forfeited assets as beyond the scope of the Court's and the USAO's ability.

### D. Kilpatrick's pleading fails to comply with Local Rules.

Finally, the Court may deny or strike Kilpatrick's Motion and Opposition because it fails to comply with the Eastern District of Michigan's Local Rules for Motions. *See* L.R. 7.1(a) and (i). Specifically, the USAO has no record of Kilpatrick seeking concurrence from the USAO prior to filing his motion to strike. In addition, Kilpatrick's Motion and Objection contain a motion and a response/objection in violation of L.R. 7.1(i) and it is within the Court's discretion to strike the pleading and order Kilpatrick to refile in compliance with the local rules.

## CONCLUSION

WHEREFORE, the foregoing reasons, United States respectfully requests the Court deny and/or strike Kilpatrick's Motion and Objection. At the appropriate time, the United States will file motions for entry of orders to pay for each garnishment.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Date: January 2, 2026                Bar No.: (TX 24090291)