# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PATHFINDER CONSULTING
FIRM, LLC, AS NOMINEE OF
KWAME M. KILPATRICK,

        Defendant,

and

COMERICA BANK,

        Garnishee.

_____/

Case No.:   2:22-MC-51143
(related to Case No. 2:10-cr-20403 01)

Hon. Stephen J. Murphy, III

## MOTION FOR FINAL ORDER OF GARNISHMENT

COMES NOW, the United States of America, Plaintiff, and moves this Court, pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3205 of the Federal Debt Collection Procedures Act ("FDCPA"), to enter a Final Order of Garnishment against the substantial nonexempt property of Defendant-Judgment Debtor, Kwame M. Kilpatrick, and his nominee Pathfinder Consulting Firm, LLC, and in support states:

1. This Court entered an Amended Judgment[1] against Kwame M. Kilpatrick

---

[1] The amended judgment imposed a $2,400.00 mandatory special assessment under 18 U.S.C. § 3013 plus $1,716,057.11 in restitution under 18 U.S.C. § 3664. *United States v. Kilpatrick Criminal Case*, ECF No. 617, at PageID.17686. Interest is not accruing on the debt. (*Id.*).

(*United States v. Kilpatrick*, Case No.: 10CR20403 01, ECF No. 617, at PageID.17686) ("*Kilpatrick Criminal Case*") in the amount of $1,718,457.11. The outstanding balance as of April 13, 2026, is $820,555.38. [2]

2. To enforce this Court's restitution judgment, the United States sought, obtained, and served a Writ of Garnishment on the Garnishee, Comerica Bank. (ECF No. 61, 63, and 66). Specifically, on February 10, 2026, pursuant to 28 U.S.C. §§ 3202(c) and 3205(c)(3), the United States served a copy of the Clerk's Notice, Application for Writ of Garnishment, Writ of Garnishment, and letter of instructions to Comerica Bank, Mr. Kilpatrick, and all persons whom the United States had reasonable cause to believe has an interest in the garnished property, including LaTicia Kilpatrick and Pathfinder Consulting Firm, LLC. (ECF No. 63).

3. On March 18, 2026, pursuant to the Writ, Comerica Bank filed an Answer stating it has in its possession, custody, or control, cash in the amount of $13,167.33 in which Pathfinder Consulting, LLC, has an interest (referred to as the "Property"). (ECF No. 69).

4. On April 1, 2026, Mr. Kilpatrick filed a "Motion to Object to Garnishment

---

[2] Pursuant to 18 U.S.C. § 3612, payments are applied first to special assessments, then to restitution to all victims. Defendant has also been given credit for payments received from jointly and severally liable co-defendants in accordance with 18 U.S.C. § 3664(h) if applicable.

Order" ("Kilpatrick's Objection") in the *Kilpatrick Criminal Case.* (*Id.*, ECF No. 735).

5. On April 6, 2026, the Court ordered Kilpatrick's Objection refiled in Mr. Kilpatrick's garnishment proceeding. (*Id.*, ECF No. 736). The Court further ordered the United States' respond to Kilpatrick's Objection. (*Id.*).

6. The Court should deny Kilpatrick's Objection because it fails to claim or allege any of the statutory issues circumscribed under 28 U.S.C. §§ 3202(d) and 3205(c)(5).

7. The Court should grant the United States' Motion for Final Order of Garnishment authorizing Comerica Bank to make payable Mr. Kilpatrick, and/or his nominee, Pathfinder Consulting Firm, LLC's, property because it is subject to his criminal restitution judgment.

8. Pursuant to the requirements of the FDCPA, the United States has complied with all the statutory requirements for a Final Order of Garnishment under 28 U.S.C. §§ 3202 and 3205, and Mr. Kilpatrick has not offered any evidence in support of his allegations or objections. *See* 28 U.S.C. § 3205(c)(5) ("The party objecting shall state the grounds for the objection and bear the burden of proving such grounds.").

WHEREFORE, all conditions necessary for a Final Order of Garnishment against the substantial nonexempt property of Kwame M. Kilpatrick and/or his

nominee, Pathfinder Consulting Firm, LLC having been met, the United States moves for entry of a Final Order of Garnishment. A proposed order will be submitted separately via ECF Utilities.

        Respectfully submitted,

        JEROME F. GORGON, JR.
        United States Attorney

        /s/ Jessica A. Nathan
        JESSICA A. NATHAN
        Assistant United States Attorney
        211 W. Fort St., Ste. 2001
        Detroit, Michigan 48226
        Phone: (313) 226-9643
        E-mail: jessica.nathan@usdoj.gov
        Bar No.: (TX 24090291)

Date: April 13, 2026

# CERTIFICATE OF SERVICE

I, Jessica A. Nathan, Assistant United States Attorney for the Eastern District of Michigan, do hereby certify that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically notice counsel of record.

I further certify that I have mailed the foregoing document, by United States Postal Service, to the following non-CM/ECF participants, utilizing the last known address available to the United States Attorney's Office for the Eastern District of Michigan.

Kwame M. Kilpatrick
XXXX
Northville, MI XXXXX
*Defendant-Judgment Debtor*

Comerica Bank
Garnishments Unit, M/C 7549
36455 Corporate Dr.
Farmington Hills, MI 48331
*Garnishee*

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Bar No.: (TX 24090291)

Date: April 13, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PATHFINDER CONSULTING
FIRM, LLC, AS NOMINEE OF
KWAME M. KILPATRICK,

        Defendant,

and

COMERICA BANK,

        Garnishee.

_____ /

Case No.:    2:22-MC-51143
(related to Case No. 2:10-cr-20403 01)

Hon. Stephen J. Murphy, III

**BRIEF IN SUPPORT OF MOTION FOR**
**FINAL ORDER OF GARNISHMENT**

The United States of America files this Brief in support of its Motion for Final Order of Garnishment and in Opposition to Mr. Kilpatrick's "Motion to Object to Garnishment Order" ("Kilpatrick's Objection"). (ECF No. 72). *See also United States v. Kilpatrick*, Case No.: 10CR20403 01, ECF No. 735) ("*Kilpatrick Criminal Case*").

Kilpatrick's Objection challenges the Comerica Writ of Garnishment ("Comerica Writ") by arguing: 1) he does not own the Property and disclaiming any interest in Property, and 2) third party rights to the property. Mr. Kilpatrick's

arguments fail as a matter of law, and his objection should be denied.

A hearing is not requested in this matter. Under 28 U.S.C. § 3202(d), a hearing is required only to determine the probable validity of a claim of exemption or the compliance by the government with any statutory requirement for the issuance of a post-judgment remedy. *See United States v. Miller*, 588 F. Supp. 2d 789, 804 (W.D. Mich. 2008) ("Defendant has not raised any valid exemption, nor has he alleged any colorable failure to comply with a statutory requirement. In these circumstances, no fact is in issue, and a hearing would be pointless.").

## AUTHORITIES and ANALYSIS

### I.    Mr. Kilpatrick's objections fail as a matter of law.

Kilpatrick's Objection fails to state a cognizable ground for relief. Where the underlying judgment was not by default, a judgment debtor can obtain relief from garnishment on only two bases: a valid exemption or the government's failure to comply with the statutory requirements for the garnishment process. 28 U.S.C. § 3202(d). The judgment debtor has the burden of proving that a basis for relief exists. 28 U.S.C. § 3205(c)(5); *United States v Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996).

Mr. Kilpatrick has not claimed any failure by the government to comply with the requirements of the garnishment process, nor has he raised a valid exemption to garnishment as listed at 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334(a). Kilpatrick's Objection argues he does not own the Property on the basis that he does

2

not have an account with the Garnishee, Comerica. (ECF No. 735, at PageID.19189).[1] In addition, Kilpatrick's Objection identifies potential third-party interests in the Property (LaTicia Kilpatrick and Pathfinder Consulting Company). (*Id.*, at PageID. 19189–90). Neither of Mr. Kilpatrick's objections to the Comerica Writ are within the scope of permissible objections enumerated at 28 U.S.C. §§ 3202(d) or 3205(c). Kilpatrick's Objection should therefore be denied.

II. **The Court should deny or disregard Kilpatrick's Objection because he cannot represent third parties or third-party interests.**

Kilpatrick's Objection attempts to argue the interests and potential rights of the following potential third parties: LaTicia Kilpatrick and Pathfinder Consulting Company. (ECF No. 735, at PageID.19189–90). The Court should deny or disregard Kilpatrick's Objection because he lacks standing to represent the legal rights or interests of third parties.

A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004). There are exceptions to this limit—such as where a "close relationship" exists between the party asserting the right and the party

---

[1] Due to illegibility of PageID numbers at ECF No. 72, the United States utilizes ECF No. 735 in reference to Kilpatrick's Objection.

3

possessing it or where a "hindrance" exists to the possessor's ability to protect the right. (*Id.*, at 129-30).

Here, Mr. Kilpatrick objected to the Comerica Writ on behalf of himself but asserted the rights of third parties as cause to release the Comerica Writ. (ECF No. 735, at PageID.19189–90) ("Comes now, Kwame Kilpatrick, the Movant, … These funds are business assets owned and managed by LaTicia Kilpatrick, who has owned [Pathfinder Consulting Firm] and associated account since 2017[.]"). Although acknowledged as his spouse, Mr. Kilpatrick notes distance between his own interests and his wife's. ("We were married in 2021. I have consistently maintained that I am not involved in the management, executive decision-making, nor any banking issues concerning [LaTicia Kilpatrick's] business or financial affairs." (*Id.*)). Despite claimed independence from each other's business affairs, Mr. Kilpatrick admits he "facilitated some business development relationships when he can," and that the "business account" pays for the lifestyle of the Kilpatrick family, including their joint living and day to day expenses (mortgage, taxes, childcare, day care, etc.). (*Id.*). Not business expenses. And not business expenses of LaTicia Kilpatrick or Pathfinder Consulting Firm.

Despite Mr. Kilpatrick's protests, LaTicia Kilpatrick and Pathfinder Consulting Firm, LLC, have a close relationship to Mr. Kilpatrick–as his spouse and as his spouse's business in name. Neither party has been hindered in protecting their

4

potential interests in the Property. As potentially interested third parties in the Property and pursuant to 28 U.S.C. § 3202(c), the United States served them both with notice of the garnishment and their right to object. *See* ECF No. 63 and 64. Both are represented by counsel, have not raised an objection or requested a hearing, and the time to do so has lapsed. *See* 28 U.S.C. §§ 3202(d) or 3205(c). Mr. Kilpatrick even makes reference to serving as a messenger between the United States and the third parties' and their counsel. (ECF No. 735, at PageID.19191). Therefore, the Court should deny or disregard Kilpatrick's Objection.

The remainder of Kilpatrick's Objection consists of perceived grievances and partial truths concerning the United States Attorney's Office. As outlined above, the United States attempted communications with the potentially interested third parties after providing service, but no objection has been filed and the period to do so has terminated per statute. *See* 28 U.S.C. § 3205(c). The United States identified large sums deposited with Comerica on behalf of Mr. Kilpatrick and consequently issued garnishment of his property interests under other names. (ECF No. 61 and 62). Mr. Kilpatrick subsequently identified and confirmed deposits on his behalf and now describes them as "facilitating [] business development." (ECF No. 735, at PageID.19190). Mr. Kilpatrick has disclaimed any interest in the Comerica account. (*Id.*, at PageID.19189). Therefore, there are no remaining objections to the Comerica

5

Writ, and the Court should enter the Order of Final Garnishment on behalf of the United States.

**WHEREFORE**, the United States respectfully requests that the Court deny Kilpatrick's Objection and enter a Final Order of Garnishment against the substantial nonexempt property of Defendant-Judgment Debtor, Kwame M. Kilpatrick, and his nominee Pathfinder Consulting, LLC.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

/s/ Jessica A. Nathan
JESSICA A. NATHAN
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9643
E-mail: jessica.nathan@usdoj.gov
Bar No.: (TX 24090291)

Date: April 13, 2026

6