UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KWAME M. KILPATRICK,

    Defendant.

_____/

Case No. 2:22-mc-51143
Related to Case No. 2:10-cr-20403

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTION [72] AND
GRANTING MOTION FOR ORDER OF FINAL GARNISHMENT [73]**

The United States requested a writ of garnishment for funds "belonging to or held on behalf of Kwame M. Kilpatrick." ECF No. 61, PageID.478. It alleged that Pathfinder Consulting Firm, LLC held funds linked to Kilpatrick at Comerica Bank. *Id.* The writ of garnishment was issued on February 5, 2026, ECF No. 66, and served on Pathfinder Consulting Firm and Kilpatrick's wife, LaTicia Kilpatrick, on February 10, 2026, ECF Nos. 63, 64.

On March 18, 2026, the Garnishee, Comerica Bank answered. ECF No. 69. It disclosed that it has possession, custody, or control of an account owned by Pathfinder Consulting Firm, LLC. *Id.* at PageID.533. On April 1, 2026, Kilpatrick filed a "Motion to Object to Garnishment Order." ECF No. 72. He did not request a hearing pursuant to 28 U.S.C. § 3202(d). *See id.* The Court ordered the United States to respond to the Objection. ECF No. 71. In response, the United States moved for a final garnishment order. ECF No. 73. No other party objected to the Comerica Writ of Garnishment, and

1

the statutory period to do so expired. *See* 28 U.S.C. § 3202(d). For the following reasons the Court will overrule Kilpatrick's objection and enter a final order of garnishment.

The Federal Debt Collection Practices Act (FDCPA) sets out the enforcement procedures used by the United States to recover property owed pursuant to a restitution order. 28 U.S.C. § 3001(a)(1). The Government "may seek writs of garnishment against property in which a debtor has a substantial nonexempt interest in order to satisfy a judgment." *United States v. Dela Cruz*, No. 17-mc-50236, 2017 WL 2060181, at *2 (E.D. Mich. May 11, 2017) (citing 28 U.S.C. § 3205(a)); *see also* 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334(a) (identifying permissible exemptions). Debtors can challenge a writ of garnishment by filing an objection within twenty days of receiving the garnishment notice from the United States. 28 U.S.C. § 3202(d). The judgment debtor bears the burden of showing that he or she is entitled to an exemption. *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996). In addition, debtors can object to a garnishee answer and request a hearing within twenty days of receiving the answer. 28 U.S.C. § 3205(c)(5).

Kilpatrick first objected to garnishment of the Comerica Bank account because he asserted that he does not own the Comerica account at issue. ECF No. 72, PageID.542. He argued that the funds at issue are "business assets owned and managed by [his wife,] LaTicia Kilpatrick." *Id.* at PageID.543.

Kilpatrick did not demonstrate that he is entitled to any enumerated exemption from garnishment. Under § 3202(d), the only permissible issues he could

2

raise are the probable validity of his claim for exemption or compliance with any statutory requirement for the issuance of the post judgment remedy granted. *United States v. Pearsall*, No: 16-51533, 2016 U.S. Dist. LEXIS 176439, at *3 (E.D. Mich. Dec. 21, 2016). And Kilpatrick did not raise the issue of statutory compliance or argue that he is subject to an enumerated statutory exemption. He only argued that he does not own the property in the account. Such an objection does not allege non-compliance with any statutory requirement nor is it an applicable exemption from garnishment. *See* 28 U.S.C. § 3202(d). And the objection did not challenge the Garnishee's answer under 28 U.S.C. § 3205(c)(5).

Next, even if the Court construed Kilpatrick's objection as one challenging the Government's statutory compliance, he is not the proper party to lodge such a challenge. Kilpatrick does not have standing to represent the third-party interests of his wife or Pathfinder Consulting. The Government served both LaTicia Kilpatrick and Pathfinder Consulting Firm, LLC with notices informing them of their right to object. ECF Nos. 63, 64. Neither objected or requested a hearing, and the time to do so lapsed. *See* 28 U.S.C. §§ 3202(d), 3205(c). Taking Kilpatrick's representations as true about having no involvement in Pathfinder Consulting Firm, he does not have standing to challenge the writ. *See United States v. Elliott*, 149 F. App'x 489, 494 (7th Cir. 2005) (holding that the defendant could not challenge a writ of garnishment under FDCPA and that attempting to do so "dooms all his arguments because he cannot litigate the rights of a third party"); *United States v. Firestone*, No. 2:22-cv-01201, 2023 WL 3948633, at *3 (W.D. Wash. June 12, 2023) (holding the same and

3

collecting cases). Accordingly, the Court will overrule Kilpatrick's objection to the writ of garnishment and grant the Government's motion for an order of final garnishment.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's objection [72] is **OVERRULED** and Plaintiff's motion for an order of final garnishment [73] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Garnishee, Comerica Bank, shall immediately make payable to the Clerk of the Court 100% of the Defendant Judgment-Debtor, Kwame M. Kilpatrick, and his nominee Pathfinder Consulting Firm, LLC's property as identified in its Answer, including any property frozen at the time of service of the Writ, or thereafter deposited into the share account.

**IT IS FURTHER ORDERED** that the Garnishee, Comerica Bank, shall remit said funds to the United States, and be made payable to the "Clerk of the Court (USDC – EDMI)" with reference to 10-cr-20403-01, and sent to: Theodore Levin U.S. Courthouse, Attn: Financial, 231 W. Lafayette Blvd., Rm 599, Detroit, MI 48226.

**IT IS FURTHER ORDERED** that, upon receipt of the funds from the liquidation of the affected account(s), the United States acknowledges that the Writ of Garnishment issued on or about February 5, 2026, shall be dissolved, and any and all freezes imposed on Kwame M. Kilpatrick and his nominee Pathfinder Consulting Firm, LLC's account(s) at Comerica Bank shall be released.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall disburse these

4

funds in accordance with the provisions of the judgment entered in case number 10-cr-20403-01.

      **SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: May 28, 2026

5